## MOORE v. MOORE MICA PAINT CO. et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1912.)

1. INJUNCTION (§ 69*)—CONTROL AND CONDUCT OF CORPORATING BUSINESS—POWER OF COURT.

In an action by a stockholder to cancel a stock certificate claimed to have been issued fraudulently, an order enjoining the officers and directors of the corporation from exercising any corporate management or proprietorship whatever or interfering with the management of the business until the termination of the action, provided plaintiff gives a bond to account for the assets of the corporation in her hands or thereafter received, is improper, since it practically winds up the corporation pendente lite or vests the corporate powers in a mere stockholder by virtue of such status, which the court cannot do.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 136, 137; Dec. Dig. § 69.*]

2. CORPORATIONS (§ 310*)—CONTROL AND CONDUCT OF CORPORATING BUSINESS.

The power of managing the business of a corporation is presumed to be vested solely in its officers and directors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1352–1362; Dec. Dig. § 310.*]

Appeal from Special Term, Rockland County.

Action by Mae Moore against the Moore Mica Paint Company and others. From an order denying a motion to vacate injunction, defendant David Proskey appeals. Reversed and motion granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and WOODWARD, JJ.

Emanuel Tepper, of New York City (Marshall A. Barney and Lewis Schuldenfrei, both of New York City, on the brief), for appellant.

Mortimer B. Patterson, of Nyack, for respondent.

JENKS, P. J. This appeal is from an order that denies a motion to vacate an injunction order. The plaintiff as stockholder in a corporation complains against the corporation and its officers of an issue of the capital stock out of the treasury to the defendant M. Proskey, the wife of the president of the corporation, without consideration, and by connivance of the president, in order that M. Proskey and her son, the defendant D. V. Proskey, treasurer of the corporation could secure the controlling interest and a majority of the capital stock, of "which this plaintiff had control" before such issue. The specific relief asked was the surrender of the certificate issued to the defendant M. Proskey for cancellation and return to the treasury. There was also a prayer for any appropriate general relief.

[1] The Special Term upon a contested motion made an order that inter alia provided that the application to stay the officers and directors of the defendant and their attorneys, servants, or agents "from exercising any corporate management or proprietorship whatever or interfering in any way with the management of the business of the said corporation until the final determination of this action" be granted, provided the plaintiff file a bond in the sum of $1,000 securing the defendant corporation and D. Proskey and D. V. Proskey, as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

officers and directors thereof, "for the faithful accounting to the said parties for the assets of the" corporation, "now or heretofore in the hands of the said" plaintiff "or hereafter received by her." The order is too drastic.

[2] Presumably the power of managing the business of a corporation is vested solely in its officers and directors. Morawetz on Corporations (2d Ed.) § 511, and cases cited, including Conro v. Port Henry Iron Co., 12 Barb. 27. The court may arrest such officers in some proposed course or halt them in the doing of some specific act, but it cannot in such an action as the one at bar virtually remove the directors, for it thereby practically winds up the corporation pendente lite, or, if not, it vests some of the corporate powers in a mere stockholder by virtue of such status, which it cannot do. See Cook on Corporations, § 746, and cases cited.

The order must be reversed, with $10 costs and disbursements, and the motion must be granted, with $10 costs. All concur.