(81 Misc. Rep. 508.)

### GIBSON v. GIBSON.

(Supreme Court, Special Term, Erie County. July, 1913.)

1. DIVORCE (§ 328*)—JURISDICTION—ESTOPPEL.

Where a party obtained a decree of divorce without the state on notice by publication, he will not be permitted to deny the jurisdiction of the court or the validity of the decree, since he is estopped by having submitted himself to its jurisdiction and by his securing a decree in his own favor.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. § 328.*]

2. DIVORCE (§ 1*)—NATURE OF REMEDY—JURISDICTION OF COURTS.

The courts of this state have no authority to grant or modify decrees of divorce or separation, or for alimony, except as conferred by statute.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. DIVORCE (§ 245*)—JURISDICTION OF COURT—STATUTE.

Under the direct provisions of Code Civ. Proc. § 1771, the court has jurisdiction to modify its decree in relation to alimony.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 691–695; Dec. Dig. § 245.*]

4. DIVORCE (§ 245*)—ALIMONY—MODIFICATION OF DECREE.

Where a wife secures an absolute divorce, following a decree for separation awarding her alimony, the decree of separation should be modified so as to relieve the husband from the payment of alimony, since alimony given in a decree of separation is to enable the wife to live apart from the husband while the marriage still exists, and, after the relation is ended by death or absolute divorce, it is no longer necessary.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 691–695; Dec. Dig. § 245.*]

Action by Leota G. Gibson against Calder C. Gibson for separation. There was judgment for plaintiff, and defendant moves to modify decree so as to relieve him from the payment of alimony. Sustained.

August Becker, of Buffalo, and Worthy B. Paul, for the motion. E. C. Schlenker, of Buffalo, opposed.

WHEELER, J. The papers on this motion show that on the 23d of June, 1910, the plaintiff obtained in this action a judgment separating the parties from bed and board, and by that decree the defendant was directed to pay the plaintiff $25 per month alimony. This alimony was paid as directed, up to the month of January, 1913. On the 25th of November, 1912, this plaintiff recovered a judgment of ab-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

solute divorce from the defendant in the court of common pleas of the state of Ohio for the county of Cuyahoga. An exemplified copy of this decree recites the plaintiff had been a resident of Ohio for one year next preceding the filing of the petition, and was a bona fide resident of the county of Cuyahoga. It was based on an allegation that "the defendant was guilty of willful absence from this plaintiff for three years prior to the filing of her petition herein." It further appears that the decree of the Ohio court was obtained, not by the personal service of process upon the defendant within the territorial jurisdiction of the state of Ohio, but upon substituted or constructive service by publication, presumably in accordance with the statutes of that state.

The defendant having failed to pay alimony after the granting of the Ohio divorce, a motion was made by the plaintiff to punish him for contempt. On the hearing of that motion, the defendant contended that the obtaining of an absolute divorce by the plaintiff in the Ohio court relieved him from the further obligation to pay alimony in obedience to the decree of separation in this action. We were of the opinion, however, that the proper practice was for the defendant to make a motion to modify the judgment of separation as to the payment of alimony, and that upon the hearing of that motion the effect of the Ohio decree could be passed on, and the motion to punish for contempt was therefore held until the defendant had an opportunity to make this motion. That he has now done and the force and effect of the Ohio divorce is now before the court for determination.

[1] The plaintiff's counsel contends that the Ohio decree has no extraterritorial effect, in that there was no personal service of process on the defendant, and that the courts of this state cannot and should not recognize its validity for the purpose of, in any way, modifying its own judgments.

If the defendant sought to impeach the validity of the Ohio decree on the ground of want of jurisdiction of the courts of that state to grant it, there would be presented very troublesome questions. He, however, does not question its validity, and it seems to be the rule of law recognized by the courts of this state that, where a party submits himself to the jurisdiction of a court and obtains its decree, he cannot be heard to question the jurisdiction of the court which entered the judgment. Starbuck v. Starbuck, 173 N. Y. 503 at page 506, 66 N. E. 193 (93 Am. St. Rep. 631). In that case, the Court of Appeals said:

"We are of the opinion that the Massachusetts decree was competent and that the defendants had the right to have it received in evidence. True, the plaintiff could not avail herself of a void decree, which she had procured to be entered, any more than she could of her own declarations; but it is different with the defendants. They have the right to avail themselves of the declarations, acts, and decrees obtained by their opponent, and the principle is well established that, where a party has procured a judgment or decree to be entered, submitting himself to the jurisdiction of the court, he cannot thereafter be heard to question the jurisdiction of the court which entered the judgment or decree."

"A party cannot avail himself of a defense or of a right to recover by means of an invalid decree or judgment obtained by him; but, on the other

hand, he may not be heard to impeach a decree or judgment which he himself has procured to be entered in his own favor." 173 N. Y. 508, 66 N. E 194, 93 Am. St. Rep. 631.

This doctrine of estoppel against a party questioning the validity of decrees and judgments obtained at his own instance and procurement has been followed in numerous cases in our courts. Guggenheim v. Wahl, 203 N. Y. 397, 90 N. E. 726, Ann. Cas. 1913B, 201; Van Blaricum v. Larson, 205 N. Y. 360, 98 N. E. 488, 41 L. R. A. (N. S.) 219; Strauss v. Strauss, 122 App. Div. 733, 107 N. Y. Supp. 842; People v. Shrady, 47 Misc. Rep. 335, 95 N. Y. Supp. 991; Voke v. Platt, 48 Misc. Rep. 274, 96 N. Y. Supp. 725; De Kohley v. Fernandez, 58 Misc. Rep. 29, 110 N. Y. Supp. 398; Simmonds v. Simmonds, 78 Misc. Rep. 572, 138 N. Y. Supp. 639. See, also, Davis v. Wakelee, 156 U. S. 689, 15 Sup. Ct. 555, 39 L. Ed. 578.

We must assume, therefore, for the purpose of this motion, that the Ohio decree is valid and binding, at least on the plaintiff, and the only question remaining is: What relief should or can be granted under such circumstances relieving the defendant from the payment of alimony provided by the decree in this action?

[2] At the very outset of the discussion it must be borne in mind that in actions for divorce or separation courts have no power or authority, except such as are conferred by statute. They possess no inherent authority to grant divorce or judicial separations or to award alimony, saving such authority as the Legislature of the state may see fit to confer. Nor may courts modify their decrees in respect to alimony when once fixed by their decrees, unless the Legislature has expressly given them such authority. Erkenbrach v. Erkenbrach, 96 N. Y. 461; Livingston v. Livingston, 173 N. Y. 377, 66 N. E. 123, 61 L. R. A. 800, 93 Am. St. Rep. 600; Walker v. Walker, 155 N. Y. 77, 49 N. E. 663; Wilson v. Hinman, 182 N. Y. 411, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Goodsell v. Goodsell, 82 App. Div. 68, 81 N. Y. Supp. 806; Krauss v. Krauss, 127 App. Div. 741, 111 N. Y. Supp. 788; Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061.

[3] We must inquire whether there exists any provision of statute giving this court power to modify its decree. Section 1771 of the Code of Civil Procedure in our opinion confers such authority. It provides that:

"Where an action is brought by either husband or wife, as prescribed in either of the last two articles" (which cover actions for separation as well as for absolute divorce) the court must give "such directions as justice requires, between the parties * * * for the support of the plaintiff."

It further provides:

"The court may, by order, upon the application of either party to the action * * * at any time after final judgment, annul, vary or modify such directions," etc.

The right to modify decrees of separation is recognized in Burton v. Burton, 150 App. Div. 792, 135 N. Y. Supp. 248, Tonjes v. Tonjes, 14 App. Div. 542, 43 N. Y. Supp. 941, and Walker v. Walker, 21 App. Div. 219, 47 N. Y. Supp. 513, reversed, however, in 155 N. Y.

77, 49 N. E. 663, on the ground that the statute was not retroactive, and could not affect judgments entered prior to the passage of the amendment.

[4] The court, having authority to modify, the question remains whether, under the circumstances of the case, it should exercise that right.

This depends, in part at least, upon the nature and character of the provision for alimony made in the decree of separation. The judgment of separation did not dissolve the marriage relation. That relation still continued with all the legal obligations of the husband to provide for the support of the wife, the measure and extent of which was fixed and determined by the provision for the payment of alimony in the decree of separation. The marital relation was modified by the judgment of separation based on the husband's misconduct to the extent that the wife was permitted to live separate and apart from her husband, but the decree recognized and continued the obligation to support the wife, by the provision for the payment of alimony.

The direction for the payment of alimony in actions for a judicial separation proceeds upon a different theory than provisions for alimony in cases of absolute divorce. In the latter class of cases the marriage is dissolved, and the judgment for alimony in such cases is rather in the nature of a penalty imposed upon the guilty party for a violation of his marriage vows and obligations. Alimony in such cases is rather a substitute for the rights of the innocent wife which the divorce cuts off and forbids in the future. This distinction has been pointed out in numerous cases. Wilson v. Hinman, 182 N. Y. 408, 75 N. E. 236, 2 L. R. A. (N. S.) 232, 108 Am. St. Rep. 820; Estate of Ensign, 103 N. Y. 284, 8 N. E. 544, 57 Am. Rep. 717.

In cases of divorce, the obligation to pay alimony terminates on the death of the husband. Johns v. Johns, 44 App. Div. 533, 60 N. Y. Supp. 865; Barnes v. Klug, 129 App. Div. 192, 113 N. Y. Supp. 325.

The plaintiff in this action has seen fit to become a resident of the state of Ohio, and to invoke the jurisdiction of the courts of that state, and obtain an absolute divorce from the defendant. This divorce, we have seen, she is estopped from questioning, and it, in effect, has terminated the marriage relation between herself and the plaintiff, upon which the provision of the decree for the payment of alimony was predicated. In legal contemplation, the Ohio decree was just as effective to terminate the marriage relation as the death of the defendant would have been. Having elected to terminate that relation by proceedings in the Ohio courts, we do not think the plaintiff can insist that she still has the right to enjoy the benefits flowing from that relationship, and it follows that the judgment directing the payment of alimony should therefore be modified as asked.

In Burton v. Burton, 150 App. Div. 790, 135 N. Y. Supp. 248, the defendant had obtained a decree of judicial separation. Subsequently the defendant in that action brought an action for an absolute divorce against his wife on the ground of her adultery, and succeeded in his action. The court held that the court had the right and power by its judgment of divorce to provide that the plaintiff should be relieved from the obligation to pay further alimony by virtue of the decree of

separation, upon the ground and for the reason that the marriage relation was terminated, which was the basis of the provision for alimony in the judgment for separation.

The plaintiff's motion to modify the decree in this action as to the payment of alimony is therefore granted, and the motion to punish the defendant as for a contempt is denied, without costs to either party.

So ordered.