(87 Misc. Rep. 134)

### RICHARDS v. RICHARDS.

(Supreme Court, Special Term, New York County. October, 1914.)

1. DIVORCE (§ 331*)—FOREIGN DECREE—MOTION TO MODIFY.
    A motion by defendant to modify a decree of separation directing him to pay alimony, which motion was based on a foreign divorce decree which superseded the decree of separation, was premature, when made while he was in contempt for nonpayment of alimony due prior to the entry of the final decree in the divorce suit.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 841, 842; Dec. Dig. § 331.*]

2. DIVORCE (§ 330*)—FOREIGN DECREE—EFFECT ON JUDGMENT OF SEPARATION.
    A judgment of separation, granted to a wife in New York on March 15, 1912, was superseded by a judgment of absolute divorce granted in Massachusetts on December 4, 1912, in favor of the husband.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. § 839; Dec. Dig. § 330.*]

3. DIVORCE (§ 326*)—FOREIGN JUDGMENT—COLLATERAL ATTACK—COMITY.
    Under Const. U. S. art. 4, § 1, providing that full faith and credit shall be given to the judgments of a sister state, a divorce decree rendered in Massachusetts, in a suit in which both parties appeared and the question of their residence was litigated, could not be collaterally attacked at a subsequent hearing in this state on a motion to punish the husband

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes*

for contempt for nonpayment of alimony, pursuant to a decree of separation rendered prior to the divorce decree.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830, 840; Dec. Dig. § 326.*]

4. COURTS (§ 17*)—"JURISDICTION OF THE SUBJECT-MATTER."

"Jurisdiction of the subject-matter" is power to adjudge concerning the general or the abstract question involved, and is not dependent upon the facts which may appear in a particular case, arising or which is claimed to have arisen under that general question.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 46–50, 52; Dec. Dig. § 17.*

For other definitions, see Words and Phrases, First and Second Series, Jurisdiction of the Subject-Matter.]

Action by Florence Richards against George Richards. On motion to punish defendant for contempt for nonpayment of alimony. Motion granted.

O'Brien, Malevinsky & Driscoll, of New York City, for plaintiff.
Satterlee, Canfield & Stone, of New York City, for defendant.

DONNELLY, J. There are two cross-motions pending. The plaintiff seeks to punish the defendant for contempt for nonpayment of alimony, pursuant to an order bearing date the 6th day of February, 1911, directing the defendant to pay $15 per week alimony pendente lite, and, pursuant to the provisions of the final decree entered herein, and bearing date the 15th day of March, 1912, directing the defendant to pay to the plaintiff the sum of $13 per week alimony, and contends that the defendant is in contempt of both of these decrees. The defendant seeks to be relieved from the payment of alimony directed to be paid by him to plaintiff pursuant to the decree of separation obtained by plaintiff against him and entered herein on the 15th day of March, 1912, claiming that inasmuch as he was divorced from the plaintiff in the state of Massachusetts on the 4th day of December, 1912—the decree nisi having been entered on or about the 9th day of February, 1912—the provision of said final decree directing him to pay alimony is inoperative and should be stricken therefrom.

The above-entitled action was begun in this state on the 18th day of June, 1908, by the plaintiff against the defendant for a decree of separation. There were two actions for absolute divorce instituted in the state of Massachusetts by the defendant herein against the plaintiff herein. The first action was begun on July 16, 1909, by the filing of a libel, and in that suit, on the 13th day of April, 1910, temporary alimony of $25 per week was granted to the plaintiff herein, Florence Richards. During the year 1910 the defendant in this action moved in the Massachusetts action to discontinue the same. Said motion was granted on condition that he should pay to Florence Richards $200. The conditions, however, were not complied with. On January 11, 1911, a motion for temporary alimony and counsel fee was made in the New York action, whereupon an agreement was made between the parties that alimony be granted in this state, and that the plaintiff herein should forego all money due in the Massachusetts action and consent to discontinue

the same. Pursuant to said agreement an order was entered on February 6, 1911, in this action, providing for the payment of $15 a week to the plaintiff herein pendente lite, and the first action pending between the parties in the state of Massachusetts was discontinued. On February 18, 1911, a second action was commenced by the defendant herein against said plaintiff in the state of Massachusetts for an absolute divorce by the filing of a new libel, and on February 9, 1912, a decree nisi was entered therein, granting to the defendant in this action, George Richards, an absolute divorce on the ground of desertion. On December 4, 1912, the final decree for divorce in said Massachusetts action was duly made.

[1] Florence Richards, the plaintiff herein, voluntarily appeared in the second Massachusetts action, but was not present when the decree first was entered, being at that time traveling with a road company in the capacity of an actress. Subsequently she endeavored to reopen the case, but her application was denied. She also made an unsuccessful attempt to vacate the final decree of divorce. On February 28, 1912, the action in this state was tried, and on March 15, 1912, the final decree in favor of the plaintiff was signed, granting her a separation and allowing her alimony at the rate of $13 per week. I believe that the motion of the defendant herein is premature, in view of the fact that according to his own moving papers he is in contempt to the extent of $94.25, at least, for nonpayment of alimony up to the time of the entry of the final decree in the Massachusetts court, even if said decree is held to supersede the New York decree for separation, and consequently he is in no position to ask for affirmative relief. Gray v. Gray, 85 Misc. Rep. 584, 148 N. Y. Supp. 1064. His motion, therefore, to modify the decree of separation rendered in this state, in so far as it directs him to pay alimony, is therefore denied, with leave to renew when he has purged himself of contempt.

[2, 3] He may, however, defend any motion made by the plaintiff, and it is therefore necessary to consider the effect of the judgment for absolute divorce obtained by him in the Massachusetts court, in order to dispose of the motion to punish him for contempt for failure to obey the directions of the New York decrees, respectively, directing him to pay alimony. The defendant contends that said decree is an absolute bar, in that it changes the status of the parties in the separation suit, and that, the Massachusetts court having acquired jurisdiction over the parties and subject-matter by reason of their voluntary appearance and the local statute vesting it with power to grant an absolute divorce, its judgment for absolute divorce supersedes the judgment for separation obtained in this state. The plaintiff, however, insists that the judgment for divorce obtained in the Massachusetts court does not supersede the judgment entered herein, for the reason that the Massachusetts tribunal, while it obtained jurisdiction over the persons who were parties to the litigation in question, never acquired jurisdiction over the subject-matter of the action.

Her contention is predicated on the theory that the Massachusetts final decree is void, because it is based on the finding that the parties to the suit were residents of the state of Massachusetts, when, as a matter of fact, they were residents of the state of New York. The

libel alleges that Boston has always been his (George Richards') residence, and the final decree likewise recites a repetition of this statement. The finding in the separation suit in this case was just the reverse of this, namely, that the parties were residents of this state, and therefore the plaintiff argues that inasmuch as a right to a divorce in Massachusetts is a statutory one, and the local statute prescribes residence as one of the essentials to give jurisdiction, the court would be without jurisdiction to grant the divorce, unless the facts prescribed by said local statute authorizing the granting of the same were established. She accordingly seeks to attack the Massachusetts judgment collaterally by proving on this motion that the parties were residents of this state, notwithstanding the adjudication by the Massachusetts court to the contrary.

Full faith and credit must be given to the judgments and decrees of a sister state. Const. U. S. art. 4, § 1. Congress has prescribed that they shall have such effect in every court within the United States as they have by law in the courts of the states in which they are taken. R. S. U. S. p. 171, § 905 (U. S. Comp. St. 1913, § 1519); Mills v. Duryee, 7 Cranch, 481, 3 L. Ed. 411. Such a judgment cannot be attacked collaterally, unless it be shown that the court was without authority to render it, or through failure of service of process or other cause had no jurisdiction of the subject-matter or of the party against whom it was rendered; and where jurisdiction depends upon a fact that is litigated in the suit and is adjudged in favor of the party who avers it, the question of jurisdiction is judicially decided, and the judgment record is conclusive on that question until set aside or reversed by a direct proceeding. Ferguson v. Crawford, 70 N. Y. 265, 26 Am. Rep. 589; O'Donoghue v. Boies, 159 N. Y. 99, 53 N. E. 537. The plaintiff in the pending suit having voluntarily appeared in the Massachusetts action, the question of jurisdiction by the Massachusetts court is limited to the inquiry whether or not the court acquired jurisdiction over the subject-matter of the action.

[4] What constitutes jurisdiction of a court over the subject-matter of a litigation was discussed at length and definitely decided in the case of Hunt v. Hunt, 72 N. Y. 217, 28 Am. Rep. 129. The court, at page 229 of 72 N. Y. (28 Am. Rep. 129), states the rule to be as follows:

"Jurisdiction of the subject-matter is power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question. One court has jurisdiction in criminal cases; another in civil cases; each in its sphere has jurisdiction of the subject-matter. Yet the facts, the acts of the party proceeded against, may be the same in a civil case, as in a criminal case—as, for instance, in a civil action for false and fraudulent representations and deceit, and in a criminal action for obtaining property by false pretenses. We should not say that a court of civil powers had jurisdiction of the criminal action, nor vice versa, though each had power to pass upon allegations of the same facts. So that there is a more general meaning to the phrase 'subject-matter,' in this connection, than power to act upon a particular state of facts. It is the power to act upon the general—and, so to speak the abstract—question, and to determine and adjudge whether the particular facts presented call for the exercise of the abstract power. A suitor for a judgment of divorce may come into any court

of the state in which he is domiciled, which is empowered to entertain a suit therefor, and to give judgment between husband and wife of a dissolution of their married state. If he does not establish a cause for divorce, jurisdiction to pronounce judgment does not leave the court. It has power to give judgment that he has not made out a case. That judgment would be so valid and effectual as to bind him thereafter, and to be res adjudicata as to him in another like attempt by him. If that court, however, should err, and give judgment that he had made out his case, jurisdiction remains in it so to do. The error is to be corrected in that very action. It may not be shown collaterally to avoid the judgment, while it stands unreversed, whether the judgment be availed of in the state of its rendition, or a sister state, granted always that there has been jurisdiction of the parties to it. The judgment is in such case also res adjudicata against the party cast in judgment. * * * We conclude that jurisdiction of the subject-matter is the power lawfully conferred to deal with the general subject involved in the action."

The local statute of Massachusetts, being chapter 152 of the Revised Laws of Massachusetts, section 4 and section 5, sets forth the circumstances under which a divorce action may be brought in that state:

"Sec. 4. A divorce shall not, except as provided in the following section, be decreed if the parties have never lived together as husband and wife in this commonwealth; nor for a cause which occurred in another state or country, unless before such cause occurred, the parties had lived together as husband and wife in this commonwealth, and one of them lived in this commonwealth at the time when the cause occurred.

"Sec. 5. If the libelant has lived in the commonwealth for five years last preceding the filing of the libel, or if the parties were inhabitants of this commonwealth at the time of their marriage and the libelant has lived in this commonwealth for three years last preceding such filing, a divorce may be decreed for any cause allowed by law, whether it occurred in this commonwealth or elsewhere, unless it appears that the libelant had removed into this commonwealth for the purpose of obtaining a divorce."

The Massachusetts court had power to pass upon the questions of residence under this statute, and therefore had jurisdiction of the subject-matter. Hunt v. Hunt, supra. And that fact having been litigated in the suit, its finding is conclusive until it is set aside or reversed by a direct proceeding in the suit. It cannot be attacked collaterally. Ferguson v. Crawford, supra; O'Donoghue v. Boies, supra. We therefore have a valid judgment for separation from bed and board rendered in this state, bearing date March 15, 1912, and, for the purposes of this motion, a valid judgment for absolute divorce rendered in the state of Massachusetts, bearing date December 4, 1912. It has been held in this state that a judgment for absolute divorce will supersede a judgment for separation (Tonjes v. Tonjes, 14 App. Div. 542, 43 N. Y. Supp. 941; Burton v. Burton, 150 App. Div. 791, 135 N. Y. Supp. 248; Gibson v. Gibson, 81 Misc. Rep. 508, 143 N. Y. Supp. 37), and, as full faith and credit must be given to the Massachusetts judgment in every court within the United States, it follows that it supersedes the judgment for separation obtained in this state.

Motion to punish for contempt is granted, but only to the extent of the amount of money found to be due at the time of the entry of the Massachusetts judgment for absolute divorce. Settle order on one day's notice, the amount due to be left open until the settlement of said order.

Ordered accordingly.