ESTHER D. HARRIS, Appellant, *v.* JACOB HARRIS, Respondent.

First Department, July 1, 1921.

Husband and wife — separation — husband not liable for alimony during violation of decree by wife in taking child out of Greater New York without consent — absolute decree of divorce in favor of wife in foreign State justifies court in relieving husband from further alimony — husband liable for alimony between time of voluntary return of wife and modification of decree.

A husband is not liable for alimony during the time when his wife and child are absent in a foreign State in violation of a decree in separation providing that the wife should not remove the child outside of Greater New York, except upon the written consent of the husband.

Where the wife after a decree of separation has been granted her in this State goes to a foreign jurisdiction and there secures, on service by publication, a decree of absolute divorce, the court is justified on the application of the husband in modifying the decree of separation by eliminating the provision for the payment of alimony.

However, while the absence of the wife and child in violation of the decree in separation relieved the husband from the payment of alimony, their voluntary return to the city of New York removed the bar against the wife, and her husband was liable for alimony between the time of her return and the time of the order relieving him from the payment of alimony because of the absolute divorce.

PAGE, J., dissents.

APPEAL by the plaintiff, Esther D. Harris, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of February, 1921, denying plaintiff's motion to punish the defendant for contempt for failure to pay accrued alimony amounting to $1,082, in violation of a decree of separation; also from an order, entered in said clerk's office on the 4th day of March, 1921, granting defendant's motion to modify the final decree of separation by relieving him from further obligation to support his wife and directing him to pay $12 per week for the support and maintenance of their infant child, and also from an order, entered in said clerk's office on the 2d day of March, 1921, denying plaintiff's motion for an order directing the defendant to pay to her the sum of $270 alimony which had accrued subsequent to the arrears of $1,082.

*Daniel Handler*, for the appellant.

*Ilo Orleans* of counsel [*Aaron A. Feinberg*, attorney], for the respondent.

GREENBAUM, J.:

The facts, briefly, are as follows: On December 12, 1918, a decree of separation was entered in favor of the plaintiff. It provided for the payment of thirty dollars weekly alimony to the plaintiff and in addition thereto at least ten dollars per month for the use of the infant daughter of the parties. It also provided that the defendant was entitled to visit his child on certain days and under certain conditions therein

mentioned, and further that "the said child shall not be removed outside of the boundary lines of Greater New York, except upon the written consent of the defendant. Should the residence of such child be changed, then the plaintiff shall inform the defendant immediately by registered mail of such change of residence."

It appears that the defendant paid alimony pursuant to the decree up to April, 1920; that thereafter the plaintiff removed the child from the jurisdiction of this court without defendant's consent and took her and resided with her in the State of Nevada. Thereupon the defendant ceased paying alimony. On November 30, 1920, plaintiff obtained a decree of divorce in Nevada. The defendant never appeared in that action and the service upon him was constructive. The Special Term denied the motion to punish the defendant for contempt for arrears of alimony amounting to $1,082, which had accrued during plaintiff's absence from this State, upon the ground that the plaintiff had violated a provision of the decree by removing the child of the parties outside of the Greater New York limits without the consent of the defendant. We think the motion was properly denied.

The appeal from the order granting defendant's motion to relieve him from further obligations to support his wife was based upon the ground that the absolute divorce which the plaintiff obtained in Nevada terminated the marital status of the parties and relieved the defendant from further obligations to support his wife.

We are of the opinion that the court also properly disposed of that motion. (*Gibson* v. *Gibson*, 81 Misc. Rep. 508; *Starbuck* v. *Starbuck*, 173 N. Y. 503.)

The third appeal was from an order denying the plaintiff's motion directing the respondent to pay to her nine weeks' alimony of $270, which had accrued after her return from Nevada. Defendant opposed this motion upon the ground that the plaintiff's violation of the decree in taking the child outside of the jurisdiction of the court relieved him from paying any alimony. As previously stated, we think that plaintiff was not entitled to invoke the power of the court in contempt proceedings to compel the defendant to pay alimony as required by the decree, when she herself during

the time when the alimony was accruing was violating one of the provisions of the decree. We are of the opinion, however, that the bar against her was removed upon her voluntary return to this State.

Defendant also contends that the decree of divorce obtained by plaintiff in Nevada operated to deprive her of the right to any alimony which accrued after the decree. But the order relieving defendant from paying further alimony, which we are herewith affirming (second appeal), is limited to alimony which would accrue after the making of the motion upon which the order was entered. It did not affect alimony which accrued before the motion was made.

We are of the opinion that the defendant is obliged to pay the alimony amounting to $270 which had accrued after plaintiff's return to the State and before the modification of the decree. The third order appealed from must be reversed and the respondent directed to pay the $270. No costs on any of the appeals.

Clarke, P. J., Dowling and Smith, JJ., concur; Page, J., dissents.

Appeals Nos. 1 and 2 — orders affirmed, without costs. Appeal No. 3 — order reversed, without costs and respondent directed to pay the $270 accrued alimony. Settle order on notice.