HELEN A. C. ALMQUIST, Plaintiff, *v.* EDWIN A. ALMQUIST, Defendant.

Supreme Court, Monroe County, August 14, 1943.

*James C. O'Brien* for defendant.

*Frederick S. Holbrook* for plaintiff.

CRIBB, J.   After trial plaintiff was granted a decree of separation by this court on November 4, 1935, which gave her the custody of a minor child with prescribed rights to the defendant husband for visiting the child.   The decree directed the defendant to '' pay to the plaintiff the sum of $12.00 per week alimony as and for her support and maintenance, and as and for the support and maintenance of the infant child of the parties * * * .''

This judgment was modified by an order of this court June 25, 1936, by permitting the defendant to see the child more often and take her out one day each week for an hour, and was again amended October 30, 1941, by requiring the defendant to pay the plaintiff an additional two dollars each week (a total of fourteen dollars each week) during such time as the plaintiff was not employed.   The child, now nearing eight years of age, apparently to the satisfaction of both parents, for some time past has been kept at the Hillside Home for Children in Rochester, N. Y., and is at that Home at the present time.   It appears that plaintiff has been paying five dollars and fifty cents per week to that Home for the care of the child and retaining the balance of the weekly payments, made by the defendant, for her own support.   The Hillside Home now asks that it be paid eight dollars per week for food, shelter, care, clothing and medical attention for this child.

In 1943 the plaintiff brought an action for divorce against the defendant at Reno, Nevada.   The defendant appeared in this case by counsel but did not contest the action, and a decree of divorce was granted the plaintiff on February 19, 1943.

The defendant now moves to have the order heretofore granted by this court on November 4, 1935, modified by striking and deleting therefrom the requirement that the defendant

pay any further alimony for the support of the plaintiff, and by providing for the payment of a suitable sum by the defendant for the support of the infant daughter, and giving him additional rights to visit her.

The plaintiff apparently does not oppose the request by the defendant for additional rights of visitation, but opposes any modification of the decree obtained in the separation action awarding alimony for her support. In support of this opposition the plaintiff claims that her attorneys and the defendant's attorneys in the Nevada divorce action agreed that the provisions of the decree in the New York State separation action relating to alimony for the support of herself and the infant daughter, as well as for the custody of the latter, should remain unchanged. She has submitted a copy of the testimony taken in the divorce action in support of this contention. She was asked by her attorney: " Q. You have had the custody of the child for a period of time since you have been separated? A. Since she was born. Q. A New York Court has settled the matter of support of the child and also the custody of the child; is that true? A. Yes, sir. Q. You don't want that order interfered with in any way? A. No, sir."

Nothing appears in the testimony regarding alimony for the support of the plaintiff, and neither the record of the proceedings in the divorce action nor the decree of divorce obtained makes any reference to that subject. Letters received from plaintiff's attorneys in the Nevada divorce action have been submitted. These fail to sustain her contention that any agreement was made between them and defendant's attorneys in that action to the effect that defendant would continue to contribute to her support as provided by the separation decree theretofore obtained in New York State. The defendant states that he never authorized his attorneys to make such an agreement and an affidavit submitted by defendant's attorney on this motion contains a quoted paragraph from a letter he received from one of the attorneys who appeared for defendant in the divorce action in which such attorney stated: " This matter was never discussed with Mr. Swanson (one of the attorneys for plaintiff) and I only appeared in the action under the instructions outlined in Mr. Almquist's letters." I find no satisfactory proof that either the defendant or his attorneys made any agreement at the time plaintiff secured the Nevada divorce that he would continue to contribute to plaintiff's support under the separation decree or otherwise.

The plaintiff established the required residence in the State of Nevada and for the purpose of obtaining a divorce from the defendant submitted herself to the jurisdiction of the Nevada courts. The validity of the decree granted her is not questioned. From a legal standpoint the Nevada decree of divorce terminated the marriage as effectively as the death of the defendant could have done. By her own act the plaintiff has cut off any right of support from the defendant because of the former marital relationship. (See *Gibson* v. *Gibson*, 81 Misc. 508.) It follows that the judgment obtained November 4, 1935, in the separation action should be modified by eliminating any provisions for payment of alimony for the support of the plaintiff. The defendant, however, if he has not done so, should make such payments as directed by that judgment up to the time of making the motion here decided. (*Harris* v. *Harris*, 197 App. Div. 646.) Such judgment should be further modified by directing that defendant pay eight dollars per week to the Hillside Home for Children at Rochester, N. Y., for food, shelter, care, clothing and medical attention for the infant daughter so long as plaintiff keeps her in that institution; otherwise such payments should be made direct to the plaintiff. Such judgment should also be modified by permitting the defendant, in addition to rights of visitation heretofore granted, to have the custody of the child one weekend each month and for a period of two weeks during each summer vacation.

Enter order, on notice, accordingly.