DOROTHY TURKUS, Plaintiff, *v.* EDWARD N. TURKUS, Defendant.

Supreme Court, Special Term, New York County, September 1, 1943.

*Charles Rothenberg* for defendant.

*Francis X. Necastro* for plaintiff.

WALTER, J. In 1926 plaintiff wife obtained in this court a judgment of separation which awarded her alimony of $50 per week. She later took up her residence in Georgia, and on December 10, 1932, she there obtained a judgment of absolute divorce which awarded no alimony. She then returned to this State and on July 26, 1940, obtained the docketing of a money judgment against defendant for $26,586.70, alleged to be arrears of alimony under the judgment of separation which accrued subsequent to the entry of the judgment of divorce in Georgia. She is now seeking to enforce that judgment by proceedings against defendant in California, and by order to show cause served on August 12, 1943, defendant moves to vacate that money judgment and to strike the alimony provision from the judgment of separation *nunc pro tunc* as of December 10, 1932.

Plaintiff makes no contention that the provision for payment of alimony to her should be continued as to the future, but contends that the motion should be denied insofar as it attempts to relieve defendant of liability for such alimony as accrued under the terms of the judgment of separation down to the time of the making of this motion. I think the contention rests upon a misconception of the nature of the motion and of defendant's rights.

Defendant's obligation to pay the alimony specified in this court's decree of separation terminated upon the entry of the

judgment of divorce in Georgia, the validity of which is not questioned and which so destroyed the marital relation that no further rights could spring from it. (*Scheinwald* v. *Scheinwald,* 231 App. Div. 757; *Weissberger* v. *Weissberger,* 179 Misc. 657, 658; *Richards* v. *Richards,* 87 Misc. 134; *Gibson* v. *Gibson,* 81 Misc. 508; *Matter of Ensign,* 103 N. Y. 284, 287.) The obligation to pay having been so terminated, no application to this court was necessary in order to terminate it, and defendant's failure to make such application did not cause the obligation to continue. This, therefore, is not an instance in which defendant comes before the court and asks it to exercise a discretionary power to modify its decree. It rather is an instance in which defendant seeks to have the court cause its records to be changed so as to conform in appearance to what they are in fact and in law. It may be that the Georgia judgment can be set up in California as a complete defense to the proceedings which plaintiff is now taking there upon the strength of the apparent force of the judgments of this court, but defendant should not be left to the hazard of what the California courts may say upon that point. He is entitled to the aid of this court in preventing the possibility of the California court's giving to the judgments of this court a force and effect to which, under the circumstances now disclosed, they are not entitled.

Plaintiff cites *Harris* v. *Harris* (197 App. Div. 646) as supporting her view that defendant is not relieved of the obligation to pay such alimony as accrued under the judgment of separation prior to the making of the present motion. That case does not so hold. The court there expressly held, in accordance with the authorities above cited, that the judgment of divorce " terminated the marital status of the parties and relieved the defendant from further obligations to support his wife " (p. 648), and the most that can be said of the paragraph of the opinion on page 649 upon which plaintiff here relies is that the defendant in that case apparently did not frame his motion papers in such fashion as to get all the relief to which he was entitled. Here the request is that relief be declared as of the date of the judgment of divorce.

The motion is accordingly granted. The order should be settled on notice, and with the proposed order defendant should submit a supplemental affidavit more explicitly identifying the money judgment of July 26, 1940, as to place of docketing and other details, and embody such identification in the order.