## BASSETT v. BASSETT.

### No. 10613.

Circuit Court of Appeals, Ninth Circuit.
March 28, 1944.

Rehearing Denied May 5, 1944.

Clyde D. Souter, of Reno, Nev., for appellant.

E. F. Lunsford and Platt & Sinai, all of Reno, Nev., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

STEPHENS, Circuit Judge.

Plaintiff brought an action to recover on two judgments. The district court ordered that the action be dismissed. Plaintiff appeals.

During the month of August, 1934, defendant William Bassett and plaintiff Margaret Bassett were husband and wife residing in the State of New York. It appears that the husband left that state during August, 1934, and established his residence in the State of Nevada. Thereafter, on August 30, 1934, the wife sued the husband in the New York Supreme Court (trial court) for separate maintenance and subsequently obtained a judgment which provided for a monthly payment to her for her support and maintenance. The judgment was subsequently modified by reducing the amount of the monthly payment. On April 5, 1941, a judgment was entered in the New York court for unpaid support or alimony in the sum of $3,900.00, and, on August 1, 1941, a similar judgment was entered in· the sum of $760.65 and $10.00 costs.

An absolute divorce from Margaret Bassett was granted to William Bassett by a competent court of the State of Nevada on June 5, 1939. Substituted service on Margaret Bassett according to the Nevada law was accomplished by delivering a summons and certified copy of the complaint to her in New York and she made no appearance. The Nevada decree provided: "(3) That the plaintiff be, and he is hereby, released from any further obligation to support and maintain the defendant, and he is discharged and released from the duties and obligations to support the said defendant under that certain judgment entered against him by the Supreme Court of Nassau County, State of New York, entered on or about the 26th day of April, 1935, and thereafter modified on or about the 16th day of April, 1937, or otherwise."

Margaret Bassett brought the instant action in the District Court of the United States for the District of Nevada for the recovery of the sum of the two New York judgments, or $4,670.65, with interest at six per cent per annum since the dates of the respective judgments. William Bassett pleads the Nevada divorce decree as a defense. The district court determined that the said decree was controlling under the full faith and credit ·doctrine and dismissed the action.

In the case of Durlacher v. Durlacher, 9 Cir., 123 F.2d 70, we reviewed the procedure of the New York court in circumstances substantially identical to those herein and held that since the judgment entered in the New York court was in all respects a valid judgment, it could not be set aside or affected by a judgment of a court of another state. Counsel argue that the Durlacher case was decided upon the theory of Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann. Cas. 1, that the Haddock case was reversed by Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273, and therefore that the Durlacher case is not a precedent upon which a decision in the instant case can be rested.

We believe that the Williams case does not affect the result reached in the Durlacher case. The State of New York had acquired jurisdiction over both parties to this appeal in the original separate maintenance action and, according to its law,[1] retained jurisdiction throughout the proceedings leading to the two judgments questioned herein. In those proceedings William Bassett could have appeared and pleaded any defense that he may have had, but this he failed to do. Had he appeared in the New York proceedings subsequent to the granting of the original decree and been unsuccessful, his recourse would have been in the appellate courts of New York and in the Supreme Court of the United States.

---

[1] The New York law was briefly outlined in the Durlacher opinion.

As here presented we are asked to accept the decree of a Nevada State Court which, in effect, attempts to set aside decrees or judgments of a court of New York. This is the point in this appeal, and Williams v. North Carolina, supra, has absolutely nothing to do with it.

Reversed and remanded.