SECURITY TRUST CO. OF ROCHESTER, NEW YORK, v. WOODWARD et al.

Civ. 39–63.

District Court, S. D. New York.

May 20, 1947.

Harris, Beach, Keating, Wilcox & Dale, of Rochester, N. Y. (Frederick T. Pierson, of Rochester, N. Y., of counsel), for plaintiff.

Skivington & Skivington, of Rochester, N. Y., for defendant Orator Frank Woodward.

Cahill, Cordon, Zachry & Reindel, of New York City (Paul W. Williams and Robert M. Bozeman, both of New York City, of counsel), for defendant Mary Trask Woodward.

BRIGHT, District Judge.

On November 27, 1946, plaintiff filed its complaint under section 41(26) of the Judicial Code, 28 U.S.C.A. in which it demands judgment, (1) that each defendant be restrained from instituting action against it for the recovery of a portion of the trust income payable by plaintiff as trustee under a voluntary trust to it by the defendant Orator Frank Woodward on February 9, 1928; and (2) that defendants interplead and settle between themselves their rights to such income, and plaintiff be discharged from liability except to the successful defendant.

Simultaneously plaintiff obtained an order for the service of the summons and complaint upon the defendants, directing that they interplead, enjoining them from instituting any suit concerning the property, and directing a hearing (adjourned to this time by the order mentioned in the next paragraph) for the purpose of making the injunction permanent and discharging plaintiff from liability.

Thereupon the defendant Mary Trask Woodward obtained an order to show cause why, under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the complaint should not be dismissed and the injunction dissolved on the grounds that no doubt exists regarding the duty of plaintiff to continue paying to her, as alimony, certain amounts of such income, and that this action is wanting in equity and good faith.

Section 41(26) of the Judicial Code, so far as material, provides that this court shall have original jurisdiction "Of suits in equity begun by bills of interpleader or bills in the nature of bills of interpleader duly verified, filed by any * * * corporation * * * having in his or its custody or possession money or property of the value of $500 or more, * * * or being under any obligation * * * to the amount of $500 or more, if—(i) Two or more adverse claimants, citizens of different States, are claiming to be entitled

to such money * * * arising by virtue of any * * * instrument, or arising by virtue of any such obligation; and (ii) The complainant (a) has deposited such money * * * into the registry of the court, there to abide the judgment of the court; * * *

(b) Such a suit may be brought in the district court of the district in which one or more of such claimants resides or reside. * * *

(d) Said court shall hear and determine the cause and shall discharge the complainant from further liability; and shall make the injunction permanent and enter all such other orders and decrees as may be necessary or convenient to carry out and enforce the same. * * *"

Rule 22(1), Federal Rules of Civil Procedure, permits the joinder as defendants and requires them to interplead "when their claims are such that the plaintiff is or may be exposed to double or multiple liability. * * * (2) The remedy herein provided is in addition to and in no way supersedes or limits the remedy provided by Section 24(23) of the Judicial Code, as amended, U.S.C., Title 28, § 41(26). Actions under that section shall be conducted in accordance with these rules."

The essentials required by section 41(26) are: (1) that the stakeholder shall be subjected to conflicting claims, by (2) two or more claimants, citizens of different states, (3) to one or more of whom he is under obligation for $500 or more, and (4) he shall have deposited the amount claimed in the registry of the court to abide final judgment. Those facts being established the stakeholder may maintain interpleader in a District Court of a district in which one or more of the claimants reside.

The complaint is concise and simple. It alleges that the action is brought under § 41(26) of 28 U.S.C.A.; that defendant Orator Frank Woodward, is a citizen of Nevada, and defendant Mary Trask Woodward, of New York; and that the amount in controversy exceeds $500. It further alleges plaintiff's trusteeship under the trust instrument mentioned, that Orator Frank Woodward is the life beneficiary designated therein, and that it holds certain funds by

reason thereof. It states that on September 25, 1941, a judgment of separation was entered in the New York Supreme Court in an action in which Mary Trask Woodward was plaintiff against Orator Frank Woodward, as defendant, by which plaintiff was directed to pay to Mrs. Woodward $3,500 monthly for her support and $500 monthly for the support and education of Orator Ernest Woodward, the minor child of the parties. Thereafter on January 20, 1942, Mr. Woodward procured a decree of absolute divorce against Mrs. Woodward in the Second Judicial District Court of Nevada. And later, and on April 4, 1945, in an action brought by Mrs. Woodward against Mr. Woodward and another, in the Fifteenth Judicial Court in Palm Beach County, Florida, the Nevada decree of absolute divorce was adjudged valid and binding upon the parties and upon the Florida Court under the full faith and credit clause of the United States Constitution. Plaintiff has since been notified in writing by Mr. Woodward not to make any payment to Mrs. Woodward from the trust indenture or income thereof. The New York decree of separation in favor of Mrs. Woodward directs it to do so. Plaintiff claims no beneficial interest in the income from the trust, and is a mere stakeholder. It alleges it does not know whether the Nevada decree has terminated the marriage between the defendants, and nullified and terminated the New York judgment; and cannot pay further sums to Mrs. Woodward without danger of being accountable to Mr. Woodward therefor. It further states it has paid and will pay into the registry of this court the sums due or hereafter to become due as specified in the judgment of this court.

There is thus alleged all of the requisites specified in section 41(26) quoted; and it would seem that on the face of the complaint and affidavit attached to plaintiff's temporary injunction order, first mentioned, plaintiff is entitled to the relief of interpleader sought; unless the motion of Mrs. Woodward presents an obstacle.

Her motion, as appears from the order to show cause, is under Rule 12(b), Federal Rules of Civil Procedure. Counsel's affidavit attached to that order states that,

for reasons stated, the complaint is without reasonable foundation in fact or law, and wanting in equity and good faith. His replying affidavit urges that the undisputed facts show an absence of essential elements of interpleader, and by reason of that this court should not, and may not, entertain jurisdiction, and "that such facts show that the complaint fails to state a claim upon which relief can be granted." He now urges that the court consider the motion as having been made under Rule 56(b) for summary judgment as against plaintiff and the husband.

■ It is plain that the moving defendant cannot succeed under Rule 12(b). She is there permitted to make six certain defenses by motion—(1) lack of jurisdiction over the subject matter, (2) over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, and (6) failure to state a claim.

A comparison of the complaint with section 41(26) shows a full compliance with allegations of jurisdiction and a statement of the other facts required for interpleader, all of which are not disputed, and are substantiated by the moving affidavit.

Under Rule 56(b) a party against whom a claim or cross claim is asserted may at any time move for a summary judgment in his or her favor, and, under subdivision (c) be entitled to it if there is no genuine issue as to any material fact.

Mr. Woodward has filed his answer herein, in which he admits all of the allegations of the complaint, and, as a crossclaim against his codefendant, alleges the Nevada divorce decree in his favor; the Florida determination decreeing, among other matters, the validity of the Nevada divorce; the New York separation judgment, in which action, "pursuant to authorization" by said defendant, plaintiff filed a consent to pay the amounts due under the judgment to Mrs. Woodward from the trust funds; and that Mrs. Woodward is barred from attacking the validity of the Nevada and Florida decrees, by reason of all of which the New York judgment of separation is a nullity and none of the parties to this action have any rights, duties or liabilities thereunder. He demands judgment that all moneys deposited by plaintiff be delivered to him, that his Nevada divorce is valid and binding on both defendants, and that the New York separation judgment be declared void and a nullity.

The defendant Mary Trask Woodward has not answered, but by the moving and replying affidavits prays a dismissal of the complaint herein, and for summary judgment in her favor against plaintiff and the other defendant. Those affidavits undisputedly show the entry on September 25, 1941 of a judgment of separation in the New York Supreme Court after prolonged litigation, awarding custody of the child to her, and directing Mr. Woodward and plaintiff here to pay her monthly the $3,500 and $500 previously mentioned for her and the child's support; and the consent of the plaintiff here to make such payments out of the trust fund, "during the period of time while said judgment * * * is in full force and effect", and subject to any modifications thereof. In that connection, it is shown without dispute, the affirmance of that judgment on appeal by the Appellate Division, upon which Mr. Woodward stipulated that his appeal would be limited to the amount of the payments awarded, and "that he will not press or argue the appeal from the other provisions of the judgment"; and that that judgment has not been vacated or modified. It also appears that the Nevada action for divorce was commenced on December 18, 1941, while the appeal from the New York judgment was pending, that Mrs. Woodward was served with process therein, not in Nevada but at Buffalo, New York, did not appear or defend, her default was taken, and the decree therein granted a final divorce to Mr. Woodward dissolving the marriage relation, and directing payments of alimony to her, in reduced amounts monthly "during any period of time when she is not receiving that amount or more * * * under the order of some other court, or otherwise".

Apparently, after the separation judgment was entered, a motion was made to amend it so as to enjoin Mr. Woodward from prosecuting the Nevada divorce suit, and in opposition to that motion, it was

urged in his behalf that the payments of the amounts awarded by the judgment to the plaintiff and for the infant were secured by the consent of the Security Trust Company, plaintiff herein; the motion to amend was denied on January 29, 1942, and on the following day, the Reno divorce was granted. The stipulation upon the appeal in the New York action was subsequently made by Mr. Woodward and the Reno divorce was never invoked on that appeal, or since by any motion, to affect the New York judgment.

The Florida action was begun by Mrs. Woodward in April 1945, to establish dower in certain real property in Florida and her title to a one-half interest in certain furniture and furnishings. Mr. Woodward's answer, a copy of which is annexed to his answer in this suit, beside denials of various allegations of the complaint, pleaded as a counterclaim a prenuptial agreement executed by Mrs. Woodward releasing her dower and other rights in Woodward's property, the absolute divorce obtained by him in Nevada, a previous action by Mrs. Woodward for the same relief which had been dismissed upon her motion without prejudice, and other facts; and asked relief, among others, that the Nevada divorce was in all respects valid, and that all rights of the marital status, excepting the alimony and support for the minor child therein provided for, were forever terminated and concluded. Mrs. Woodward replied to this cross-bill, challenging the validity of the anti-nuptial agreement, admitting the previous action and its disposition, and denying the jurisdiction of the Nevada court to grant the divorce or that she was properly served with process therein, or that Mr. Woodward was a bona fide citizen and resident of Nevada at the time of the filing of his complaint therein. The final decree in that case dismissed her complaint upon the merits, and upon the cross-bill adjudged, among other things, that the Nevada divorce was in all respects valid and binding upon the parties and the court under the full faith and credit clause of the Federal Constitution, art. 4, § 1.

Other facts are stated in the moving affidavits upon this motion, which, in the view I take of the case, are of no materiality.

Both defendants now demand judgment in their favor. This suit for interpleader is, therefore, in my opinion, well founded, and plaintiff's motion for a permanent injunction, requiring defendants to interplead, and discharging plaintiff from all liability except to the person whom this court shall adjudge entitled to the sums in question, will be granted.

The remaining question is whether or not summary judgment shall be granted as prayed for by the defendant Mary Trask Woodward. In that respect, the facts are undisputed. Those which I deem of any materiality are entirely in documentary form, and consist of the New York judgment of separation, the Nevada judgment of divorce, and the Florida decree in Mrs. Woodward's action against Mr. Woodward.

Rule 65(b) permits summary judgment where a claim or cross-claim is asserted. This court under the facts pleaded, and not disputed, as to diversity of citizenship of the two defendants, has jurisdiction and may determine the rights of the disputing claimants. Treinies v. Sunshine Mining Co., 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85. Such a motion may be made before answer, particularly where the only question involved is one of law. Each defendant, since interpleader is directed, occupies the position of plaintiff and must state his or her claim and answer that of the other. Moore on Federal Practice, Vol. 2, page 2215, Vol. 3, page 3182; Equitable Life Assurance Society of United States v. Kit, D.C., 22 F.Supp. 1022.

The question between the defendants which, it seems to me, must be determined, is whether or not the Nevada decree of divorce has nullified that portion of the New York judgment of separation directing the payment of alimony to Mrs. Woodward for her support and for the support and education of the child. In determining that question, I assume that the Nevada decree was properly entered and is binding upon both of the parties thereof; and my assumption in that respect I think is confirmed by the fact that in the Florida litigation, its validity was brought into ques-

tion by Mrs. Woodward and determined adversely to her. If the portion of the New York judgment mentioned is valid and enforceable, Mrs. Woodward must win here; if it is not, she loses and Mr. Woodward will be entitled to the fund deposited and to future payments from the Trust Company in accordance with the terms of the trust indenture. This question can be determined from the documents themselves and upon the assumption that both decrees are valid in so far as they affected the marital status of the parties.

The judgment of separation and the judgment of divorce, as they adjudicated that status, were in rem. The provisions in both judgments for support and maintenance, however, were in personam. The Nevada decree did not attempt, in so many words, to nullify the New York judgment so far as maintenance was concerned. In fact, as I read the Nevada decree, entered as it was on the application of Mr. Woodward, it impliedly confirmed the New York judgment in that respect, in that it directed payments of alimony to Mrs. Woodward, but in a smaller amount than in New York, "during any period of time when she is not receiving that amount or more from the plaintiff under an order of some other court, or otherwise."

 As the provisions in New York for alimony were in personam, that portion of the Nevada decree in rem did not affect or abrogate the alimony provisions in the New York judgment. The Nevada court did not have jurisdiction of Mrs. Woodward in personam; she was not served with process in Nevada; she did not submit to jurisdiction there; and her property rights, established by a valid judgment (to which also full faith and credit must be accorded), were not affected. Estin v. Estin, Sup., 63 N.Y.S.2d 476, affirmed without opinion 271 App.Div. 829, 66 N.Y.S.2d 421, affirmed April 18, 1947, 296 N.Y. 308, 73 N.E.2d 113; Russo v. Russo, City Ct., 62 N.Y.S.2d 514; Durlacher v. Durlacher, 9 Cir., 123 F.2d 70, certiorari denied 315 U.S. 805, 62 S.Ct. 633, 86 L.Ed. 1204; Barber v. Barber, 21 How., U.S., 582, 16 L.Ed. 226; Bassett v. Bassett, 9 Cir., 141 F.2d 954, certiorari

denied 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577; and Gray v. Gray, D.C., 61 F.Supp. 367. The right of support is a property right. Livingston v. Livingston, 173 N.Y. 377, 382, 66 N.E. 123, 61 L.R.A. 800, 93 Am.St.Rep. 600. And a court in which jurisdiction was not obtained by personal service or process within its state without attachment cannot by its judgment disturb such vested property rights. Estin v. Estin, supra, 296 N.Y. 308, 73 N.E.2d 113; Matthews v. Matthews, 247 N.Y. 32, 34, 35, 159 N.E. 713; Pennoyer v. Neff, 95 U.S. 714, 734, 735, 24 L.Ed. 565; Pennington v. Fourth Nat. Bank of Cincinnati, Ohio, 243 U.S. 269, 271, 37 S.Ct. 282, 61 L.Ed. 713, L.R.A. 1917F, 1159; Passailaigue v. Herron, 5 Cir., 38 F.2d 775.

In Esenwein v. Commonwealth, 325 U.S. 279, 65 S.Ct. 1118, 1119, 89 L.Ed. 1608, 157 A.L.R. 1396, the prevailing opinion affirmed the Pennsylvania courts in denying the application of a husband, who had obtained a divorce in Nevada, for total relief from a support order previously obtained in Pennsylvania by the wife; the basis of the decision being want of jurisdiction because the husband had not obtained a bona fide domicile in Nevada. The concurring opinion of Mr. Justice Douglas, joined in by Mr. Justices Black and Rutledge, emphasizes the distinction between judgments in rem and in personam as follows:

"I think it is important to keep in mind a basic difference between the problem of marital capacity and the problem of support.

"We held in Williams v. [State of] North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279, 143 A.L.R. 1273, that a Nevada divorce decree granted to a spouse domiciled there was entitled to full faith and credit in North Carolina. That case involved the question of marital capacity. The spouse who obtained the Nevada decree was being prosecuted in North Carolina for living with the one woman whom Nevada recognized as his lawful wife. Quite different considerations would have been presented if North Carolina had merely sought to compel the husband to support his deserted wife and children, whether the Nevada decree had made no

provision for the support of the former wife and children or had provided an amount deemed insufficient by North Carolina. In other words, it is not apparent that the spouse who obtained the decree can defeat an action for maintenance or support in another State by showing that he was domiciled in the State which awarded him the divorce decree. It is one thing if the spouse from whom the decree of divorce is obtained appears or is personally served. See Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269, 90 A.L.R. 924; Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518. But I am not convinced that in absence of an appearance or personal service the decree need be given full faith and credit when it comes to maintenance or support of the other spouse or the children. See Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. The problem under the full faith and credit clause is to accommodate as fully as possible the conflicting interest of the two States. * * * But the same conflict is not necessarily present when it comes to maintenance or support. The State where the deserted wife is domiciled has a deep concern in the welfare of the family deserted by the head of the household. If he is required to support his former wife, he is not made a bigamist and the offspring of his second marriage are not bastardized. In that view Pennsylvania in this case might refuse to alter its former order of support or might enlarge it, even though Nevada in which the other spouse was domiciled and obtained his divorce made a different provision for support or none at all. See Radin, The Authenticated Full Faith and Credit Clause, 39 Ill.L.Rev. 1, 28."

The cases cited by counsel for Mr. Woodward are not to the contrary.

It is generally true that a decree, rendered in a court with jurisdiction, dissolving the marriage tie, like death, frees a husband from further obligation to support the wife. But the cases make clear distinction, where alimony granted to a wife is concerned, between actions brought by the wife in which absolute divorce is decreed, and those brought by the hus- band after being adjudged liable to his wife for maintenance, or where the wife has submitted herself to the jurisdiction of the divorcing court. Thus in Auerbach v. Auerbach, 187 Misc. 993, 68 N.Y.S.2d 839, opinion by Cohalan, J., the wife, who had obtained a separation in New York afterward obtained a foreign divorce, thus by her own action completely dissolving the res. Similarly the marriage res had been dissolved by the wife's action in Matter of Estate of Ensign, 103 N.Y. 284, 8 N.E. 544, 57 Am.Rep. 717; Harris v. Harris, 197 App.Div. 646, 189 N.Y.S. 215; Gibson v. Gibson, 81 Misc. 508, 143 N.Y. S. 37; Turkus v. Turkus, 180 Misc. 857, 45 N.Y.S.2d 803; and Almquist v. Almquist, 182 Misc. 286, 43 N.Y.S.2d 240. In Richards v. Richards, 87 Misc. 134, 149 N.Y.S. 1028, the wife appeared in the foreign action; and that also was so in Scheinwald v. Scheinwald, 231 App.Div. 757, 246 N.Y.S. 33; and in Verbeck v. Verbeck, 187 Misc. 750, 63 N.Y.S.2d 419, 65 N.Y.S.2d 265. In Burton v. Burton, 150 App.Div. 790, 135 N.Y.S. 248, both the separation judgment and the interlocutory judgment of divorce were rendered in New York. In Tonjes v. Tonjes, 14 App.Div. 542, 43 N.Y.S. 941, the only question involved was whether the wife could move for an increase of alimony over that allowed her in a final judgment of separation. And in Wilson v. Hinman, 182 N.Y. 408, 75 N.E. 236, 2 L.R.A.,N.S., 232, 108 Am.St.Rep. 820, it was decided only that the right to alimony granted in a divorce action expired with the death of the husband. It is interesting to note that in the cases of Harris v. Harris, 197 App.Div. 646, 189 N.Y.S. 215, and Almquist v. Almquist, 182 Misc. 286, 43 N.Y.S.2d 240, mentioned above, payments of alimony were required after the foreign divorce and up to the time the husband brought on his motion to stop them.

The prayer of the plaintiff herein will be granted with costs; and judgment will be directed for the defendant Mary Trask Woodward, sustaining the validity of the provisions for alimony in the New York judgment for separation, directing that the moneys deposited by plaintiff in this action be paid to her and thereafter continued in

accordance with the provisions of the New York judgment, with costs against the defendant Orator Frank Woodward. Settle order on notice.