## BASSETT v. BASSETT.
### No. 190.

District Court, D. Nevada.
Sept. 24, 1943.

Clyde D. Souter, of Reno, Nev., for plaintiff.

Edward F. Lunsford and Platt & Sinai, all of Reno, Nev., for defendant.

NORCROSS, District Judge.

This is an action to recover a judgment for the sum of $4,670.65, together with six per cent interest on $3,900, from April 5, 1941, and on $760.65, from August 1, 1941, the dates, respectively, of entry of two judgments for alleged accrued separate maintenance, directed to be entered by the Supreme Court of the State of New York, in and for the County of Nassau.

The answer of defendant sets up a defense based upon a judgment for divorce granted him by the First Judicial District Court of the State of Nevada, June 5, 1939, and denies any indebtedness in the sum of $3,900, based on the alleged judgment therefor, "or any other sum or amount whatever, except the sum and amount of $725.00."

The evidence discloses without conflict that in the month of August, 1934, and prior thereto, the parties to this action had been residents of the County of Nassau, State of New York; that during said month a separation occurred, and defendant herein left the State of New York and established a residence in the State of Nevada, and has ever since continued to be a resident and citizen of Nevada. On August 30, 1934, plaintiff herein instituted a suit in said New York Court for a judgment of separate maintenance. On June 22, 1935, judgment for separate maintenance was directed to be entered. The judgment directed to be entered was in conformity to a statement of "Conclusions of Law," the material portions of which, in this case, read: "That plaintiff is entitled to a judgment of separation from the bed and board of defendant forever, and providing as follows: that until April 1, 1937, plaintiff is entitled to receive, and that defendant pay to her the sum of $250.00 every month, beginning as of August 26, 1934, for her support and maintenance; and that until April 1, 1937, said Otis Elevator Company pay that sum, for defendant, to plaintiff direct, * * * every month, out of any sums accruing and payable by it to defendant; and that the amount of alimony to be paid * * * from and after April 1, 1937, shall be adjusted and determined by this court in accordance with defendant's then income; * * * that the custody of said two children shall be awarded to defendant; * * *."

On April 16, 1937, an order was made by the New York Court modifying the judgment of separation by reducing the required payment to the amount of $150 per month beginning April 1, 1937.

On March 28, 1941, a motion was made, in behalf of plaintiff for a money judgment for alleged accrued and unpaid alimony in the sum of $3,900, and an order was entered therefor by the said New York Court on April 5, 1941, "against defendant, William I. Bassett, whose last known address is Genoa, Nevada, for the sum of $3900.00, and that she have execution therefor." On August 1, 1941, judgment for the additional amount of $760.65, was entered upon order made July 26, 1941.

On June 5, 1939, a judgment and decree was entered in the First Judicial District Court of the State of Nevada, in and for the County of Ormsby, the material portions of which read:

"Now therefore, by virtue of the law and the facts, it is hereby ordered, adjudged and decreed, as follows:

"(1) That plaintiff, William I. Bassett, be, and he is hereby, given and granted a final and absolute divorce from defendant, Margaret Helen Bassett, on the grounds of defendant's extreme cruelty, and that the parties have lived separate and apart without cohabitation for more than three years immediately preceding the commencement of this action; the said divorce to be in full force and effect immediately, there being no provision in the laws of the State of Nevada for interlocutory divorce; that the marriage heretofore and now existing between the parties hereby is dissolved absolutely and forever, and they hereby are freed and released from the bonds of matrimony and all of the duties and obligations thereof, and each of said parties is restored to the status of an unmarried person.

"(2) That the plaintiff be, and he is hereby, awarded the sole care, custody, and control of the minor children of the parties hereto, by name, * * *, respectively.

"(3) That the plaintiff be, and he is hereby, released from any further obligation to support and maintain the defendant, and he is discharged and released from the duties and obligations to support the said defendant under that certain judgment entered against him by the Supreme Court of Nassau County, State of New York, entered on or about the 26th day of April, 1935, and thereafter modified on or about the 16th day of April, 1937, or otherwise."

In the said divorce action the record herein shows and the Nevada Court so found that defendant therein, plaintiff herein, was served with summons and complaint "on the 4th day of May, 1939, by delivering to the said defendant, personally, at * * * Flushing, County of Queens, State of New York, a copy of the annexed summons attached to a duly certified copy of the complaint in the above entitled action." That the divorce was granted in pursuance of Nevada state laws is unquestioned. The Nevada domicile of plaintiff therein clearly appears.

In certain respects this case presents questions of law similar to those presented in the case decided by this Court in Durlacher v. Durlacher, D.C., 35 F.Supp. 1005, reversed by Circuit Court of Appeals, 9 Cir., 123 F.2d 70, certiorari denied 315 U.S. 805, 62 S.Ct. 633, 86 L.Ed. 1204. It is well settled that denial of certiorari has not the effect of an affirmance of the judgment sought to be reviewed. Hamilton-Brown Shoe Co. v. Wolf Bros. & Co., 240 U.S. 251, 36 S.Ct. 269, 60 L.Ed. 629. Since the decisions in the Durlacher case the Supreme Court of the United States, in the case of Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. ——, 143 A.L.R. 1273, has overruled the prior decision of that Court, Haddock v. Haddock, 201 U.S. 562, 26 S.Ct. 525, 50 L.Ed. 867, 5 Ann.Cas. 1. The gist of the decision in the Williams case, supra, which deals directly with Nevada divorce decrees and their status in other states, in so far as it is applicable to the case at bar is concisely stated in syllabus 6, which reads: "Under the Full Faith and Credit Clause and the Act of May 26, 1790, where a decree of divorce, granted by a State to one who is at the time bona fide domiciled therein, is rendered in a proceeding complying with due process, such decree, if valid under the laws of that State, is binding upon the courts of other States, including the State in which the marriage was performed, and where the other party to the marriage was still domiciled when the divorce was decreed."

As the boundary limits of this Court correspond to those of the State of Nevada, under the decision of the Williams case, supra, in a suit brought in this Court by a resident of the State of New York against her former husband, based upon judgments granted by a Court in the State of New York, since said divorce decree, for separate maintenance alleged to have accrued subsequent to said divorce judgment, it is the conclusion of the Court that the Nevada Court judgment and laws of Nevada as construed by the Supreme Court of Nevada are controlling in respect thereto. In the case of Herrick v. Herrick, 55 Nev. 59, at page 68, 25 P.2d 378, at page 380, the Supreme Court, said: "The dissolution of the marriage relation extinguishes the subject-matter which forms the basis of an action or proceeding for separate maintenance."

The Court in that case was dealing with a California decree of separate maintenance.

It is the conclusion of the Court that the action should be dismissed.

It is so ordered.