GERTRUDE ESTIN, Respondent, *v.* JOSEPH ESTIN, Appellant.

Argued February 20, 1947; decided April 18, 1947.

*James G. Purdy* and *George S. Wing* for appellant. I. Defendant was bona fide domiciled in the State of Nevada for a period of considerably over one year prior to the commencement of his action for divorce in that State against this plaintiff, is still domiciled there, and the judgment of divorce granted therein must be recognized as valid by the courts of this State. (*Matter of Holmes,* 291 N. Y. 261; *Williams* v. *North Carolina,* 317 U. S. 287; *Matter of Franklin* v. *Franklin,* 295 N. Y. 431; *Schoen* v. *Schoen,* 181 Misc. 727; *Dalton* v. *Dalton,* 270 App. Div. 269.) II. The divorce decree entered by the Nevada court dissolved the marriage between the parties, superseded the alimony provisions of the separation decree in this State, and ended defendant's liability to make payments accruing after

the entry of the decree in Nevada. No common-law power exists in our courts to continue those payments. (*Esenwein* v. *Commonwealth*, 325 U. S. 279; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *Romaine* v. *Chauncey*, 129 N. Y. 566; *Matter of Franklin* v. *Franklin*, 295 N. Y. 431; *Scheinwald* v. *Scheinwald*, 231 App. Div. 757; *Richards* v. *Richards*, 87 Misc. 134; *Tax Lien Co.* v. *Schultze*, 213 N. Y. 9; *Cohen* v. *Cohen*, 64 N. E. 689; *Durlacher* v. *Durlacher*, 123 F. 2d 70; *Bassett* v. *Bassett*, 141 F. 2d 954.) III. The Court of Appeals has certified that a constitutional question is directly involved. That question is " What effect does Art. IV, Section 1, of the United States Constitution require the Courts of this State to give to the divorce decree obtained by Mr. Estin in Nevada? " If the action at Special Term was decided upon nonconstitutional grounds, it is also obvious that does not preclude the Court of Appeals from considering the constitutional question involved. (*People* v. *Bruce*, 129 F. 2d 421; *Matter of Holmes*, 291 N. Y. 261; *Karlin* v. *Karlin*, 280 N. Y. 32; *Van Dusen* v. *Van Dusen*, 258 App. Div. 1020; *Lynde* v. *Lynde*, 181 U. S. 183; *Norton & Siegel, Inc.*, v. *Nolan*, 276 N. Y. 392.)

*Roy Guthman* for respondent. I. The decision of the court below was based on nonconstitutional grounds adequate to sustain it. The Court of Appeals is therefore without jurisdiction upon a direct appeal. (*Gewirtz* v. *Gewirtz*, 189 App. Div. 483; *Hobby* v. *Hobby*, 5 App. Div. 496; *Schirmer* v. *Schirmer*, 260 App. Div. 1057; *Durlacher* v. *Durlacher*, 123 F. 2d 70, 315 U. S. 805; *Raymond* v. *Squire*, 11 Johns. 47; *Braunworth* v. *Braunworth*, 260 App. Div. 113; *Goldman* v. *Goldman*, 282 N. Y. 296; *Matter of Haydorn* v. *Carroll*, 225 N. Y. 84; *People ex rel. Moss* v. *Supervisors*, 221 N. Y. 367; *Lewis* v. *Board of. Education*, 275 N. Y. 480.) II. The District Court of Nevada did not have and could not assume jurisdiction of the subject matter in the divorce action. (*Barber* v. *Barber*, 21 How. [U. S.] 582; *Atherton* v. *Atherton*, 181 U. S. 155; *Harding* v. *Harding*, 198 U. S. 317; *Sistare* v. *Sistare*, 218 U. S. 1; *Michigan Trust Co.* v. *Ferry*, 228 U. S. 346; *Grubb* v. *Public Utilities Comm.*, 281 U. S. 470; *Magnolia Petroleum Co.* v. *Hunt*, 320 U. S. 430; *Durlacher* v. *Durlacher*, 123 F. 2d 70; *Bassett* v. *Bassett*, 141 F. 2d 954; *Harding* v. *Harding*, 198 U. S. 317.)

LOUGHRAN, Ch. J. The parties were married in 1937, and thereupon took up their home in this State where they lived together until April, 1942, when the husband left the wife. In February, 1943, she brought against him in the New York Supreme Court this action for a separation. (See Civ. Prac. Act, art. 69.) He entered a general appearance but offered nothing in the way of denial or defense. Upon a finding that he had abandoned her in April, 1942, a judgment of separation was granted to her in October, 1943, and thereby she was awarded permanent alimony of $180 per month — an amount that had been recommended in a stipulation filed with the court by the respective counsel for both parties. There was no issue of the marriage.

In January, 1944, the husband went to the State of Nevada where in April, 1945, he instituted an action against the wife for an absolute divorce. The summons and complaint therein were delivered to her in this State where she remained domiciled. After she had failed to respond to that constructive service, and in May, 1945, a final decree of divorce — without any award of alimony — was granted to the husband by the Nevada court, " on the ground of three years continual separation, without cohabitation ".

Up to that time, payments of alimony had been made by the husband pursuant to the prior New York judgment of separation. Upon the recording of his Nevada decree, however, he stopped such payments, with the result that in February, 1946, the wife sought an order directing entry in this action of a supplementary judgment " for the amount of such arrears ". (See Civ. Prac. Act, § 1171-b.) In opposing that application, the husband, invoking the full faith and credit clause of the Constitution of the United States (art. IV, § 1), demanded (1) a declaration of the unqualified superiority of his Nevada divorce decree over the prior New York judgment of separation, and (2) an order eliminating the support provisions of that prior judgment as of May 24, 1945, the date of the Nevada decree.

At Special Term the motion made by the wife was granted, the cross motion made by the husband was denied, and accordingly judgment in her favor was directed against him for arrears of alimony amounting to $2,340. An affirmance by the Appellate Division followed. The husband then applied to this

court for leave to bring the determination of the Appellate Division here for review; leave was denied as unnecessary, since the award of arrears of alimony to the wife was in effect a new final judgment and the construction of the full faith and credit clause was directly involved (see 296 N. Y. 828); so the case is now before us on an appeal which the husband has taken as of right from the affirmance of the Appellate Division. (See Civ. Prac. Act, § 588, subd. 1, par. [a].)

Special Term found that " the defendant is now and since January, 1944, has been a bona fide resident of the State of Nevada ". The proof upon which this finding rests is ample. Hence we are concluded by the affirmance thereof. Hence, too, there is no denying the jurisdictional validity of the Nevada divorce decree, because the domicile of one spouse within a State gives power to that State to dissolve a marriage wheresoever contracted (*Williams* v. *North Carolina,* 325 U. S. 226, 229–230). Although in this New York separation action, the husband was adjudged to have been solely to blame when he abandoned the wife in April, 1942, yet the Nevada court was not thereby disabled from granting him an absolute divorce in May, 1945, upon the ground of his having then lived apart from the wife for a period of three years, without cohabitation. For the Nevada statutes authorize the granting of a divorce upon that ground no matter where the fault may lie (Nevada Compiled Laws, § 9467.06), and it is not for us to inquire into the merits of such an exercise of State power. (*Williams* v. *North Carolina,* 317 U. S. 287, 300–301, 325 U. S. 226.)

We have then this situation: The full faith and credit clause commands us to accord recognition to so much of the Nevada decree as pronounced the dissolution of the marriage; and the only remaining question is whether the Nevada decree must also be taken to have cancelled the alimony provision made for the wife through the prior judgment in this New York separation action.

A divorce decree (whether foreign or domestic) granted by a court having jurisdiction of the persons of both parties may very well be held to override any incongruous alimony provision of an earlier domestic judgment of separation. (See *Scheinwald* v. *Scheinwald,* 231 App. Div. 757; *Richards* v. *Richards,* 87 Misc. 134, affd. 167 App. Div. 922; *Holmes* v. *Holmes,* 155

F. 2d 737.) But the *res judicata* principle of the cases just cited — that as between two conflicting adjudications the last must control — has no application where, as in the present case, the court which granted the last judgment was without jurisdiction of the person of the defendant (cf. *Miller* v. *Miller,* 200 Iowa 1193; *Wagster* v. *Wagster,* 193 Ark. 902; 2 Freeman on Judgments [5th ed.], § 629). For like reasons of estoppel, a wife who procures a foreign divorce decree may in that way perhaps relieve her husband from any further obligation to support her. *Harris* v. *Harris* (197 App. Div. 646) was a case of that kind; it does not reach the issue now before us. (See *Krause* v. *Krause,* 282 N. Y. 355.)

Nor is that issue ruled by *Esenwein* v. *Commonwealth* (325 U. S. 279), as we see it. In the *Esenwein* case, a husband, relying upon a Nevada divorce decree, granted upon constructive service, applied to a Pennsylvania court for revocation of a prior Pennsylvania order for the support of his wife. According to Pennsylvania law, such a support order did not survive divorce. With that rule of the local law as a premise, the Supreme Court of the United States said: " The Full Faith and Credit Clause placed the Pennsylvania courts under duty to accord *prima facie* validity to the Nevada decree. ＊ ＊ ＊ The Pennsylvania Supreme Court rightly indicated that if merely the Nevada decree had been in evidence, it was entitled to carry the day." (325 U. S. at pp. 280–281.) Hence in the *Esenwein* case, as the court said, the efficacy of the Nevada divorce in Pennsylvania was the decisive question.

On the other hand, *Barber* v. *Barber* (21 How. [U. S.] 582) is here an authority much in point, as we believe. In that case, a wife was granted a judgment of separation by the Court of Chancery of this State where both parties were domiciled at the time. The judgment directed payment of alimony in quarterly installments. Without making any payment thereof, the husband went to Wisconsin where he procured an absolute divorce. Thereafter the wife had judgment for the unpaid alimony in a suit brought by her in the District Court of the United States for the District of Wisconsin. On appeal by the husband, the Supreme Court of the United States rejected his claim that his Wisconsin divorce decree had extinguished his liability for alimony under the New York judgment of separa-

tion. The court said: " It is not necessary for us to pass any opinion upon the legality of the [Wisconsin divorce] decree, or upon its operation there or elsewhere to dissolve the *vinculum* of the marriage between the defendant and Mrs. Barber. It certainly has no effect to release the defendant there and everywhere else from his liability to the decree made against him in the State of New York, upon that decree being carried into judgment in a court of another State of this Union, or in a court of the United States, where the defendant may be found, or where he may have acquired a new domicile different from that which he had in New York when the decree was made there against him." (P. 588.)

The ruling so laid down by the highest court in the land is akin to decisions of our own. In *Livingston* v. *Livingston* (173 N. Y. 377), we held that alimony unconditionally and finally owing to a wife under a matrimonial decree is a vested property right of which she may not be deprived even by way of an act of the Legislature; and in *Jackson* v. *Jackson* (290 N. Y. 512), we held that a court which lacked jurisdiction over the person of a husband was powerless to set aside a separation agreement in an action brought against him by his wife. Counsel have cited no Nevada statute or decision to the contrary nor any Nevada case in which a divorce granted in that State against an absent wife was held to have cancelled an earlier provision for alimony awarded to the wife in the State of her domicile. Consequently, as we shall assume, the common law of Nevada does not differ in that regard from the common law of New York. (See *Read* v. *Lehigh Valley R. R. Co.*, 284 N. Y. 435, 441–442; Restatement, Conflict of Laws, § 622.) On that basis and in the light of *Barber* v. *Barber* (*supra*) we conclude that the full faith and credit clause affords no reason for disapproval by us of the decision reached herein by the courts below.

The judgment should be affirmed, with costs.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Judgment affirmed.