ALICE HELMAN, an Infant, by JULIA WAXMAN, Her Guardian ad Litem, Plaintiff, *v.* CHARLES HELMAN, Defendant.

Supreme Court, Special Term, Bronx County, July 17, 1947.

*Louis Handwerger* for plaintiff.

*Harry J. Sokolow* for defendant.

GREENBERG, J.   Plaintiff instituted an action for separation against the defendant in this State.   He appeared, and contested the issues at the trial.   Judgment was granted in plaintiff's favor on the 23d day of May, 1946.   By its terms, she was awarded alimony in the sum of $35 per week for the support and maintenance of herself and Jeffrey Helman, the issue of the marriage, and his sole custody, with rights of visitation to the defendant.

In the latter part of 1946, the defendant went to the State of Nevada, where in January, 1947, he commenced an action

against the plaintiff for absolute divorce. She filed an answer and a cross complaint, seeking a decree of divorce in her favor. She was the successful party in that action, and the decree provided that she should have sole care and custody of the issue of the marriage, right of visitation by the father, and alimony of $15 a week for the support and maintenance of the plaintiff and an additional sum of $20 a week for the support, maintenance and education of the issue of the marriage. The decree contained this further significant provision: "That the payments for the purposes herein set forth shall be in lieu of and supersede the order of the Supreme Court of the State of New York in and for the County of Bronx, requiring the plaintiff to pay to defendant the sum of $35 per week for the support and maintenance of the defendant and the support, maintenance and education of the minor child of the parties."

Up to the time of the entry of the Nevada decree in March, 1947, and for approximately a month thereafter, alimony of $35 weekly was paid by the defendant. More recently, however, payments were reduced by him to $20 per week. The plaintiff, therefore makes this motion for multiple relief, seeking primarily an order directing the entry, in this action, of a supplementary judgment for the amount of arrears due under the New York decree and a declaration that that decree is valid and superior to the Nevada decree with respect to the provisions for the payment of alimony. Other incidental relief is prayed for.

Plaintiff urges that unless the New York decree is sustained she will not be able to move to punish her husband for contempt, since the divorce in the State of Nevada was obtained on grounds other than that recognized in this State.

In opposing this application, the defendant contends that this court is required to accord full faith and credit to the Nevada decree.

In a long line of decisions, the principle has been established that a foreign judgment of divorce, once obtained, is prima facie entitled to full faith and credit and favored by a presumption of validity that persists until the basis of jurisdiction in the foreign court has been held to be nonexistent (*Matter of Holmes*, 291 N. Y. 261).

More recently, in *Schacht* v. *Schacht* (295 N. Y. 439, 442) the Court of Appeals reiterated the rule, and, in an opinion by LOUGHRAN, Ch. J., said: "These provisions of the Nevada decree and the rights and interests established thereby would be substantially impaired by the judgment which the plaintiff

demands in the present action. The issue which she now tenders was expressly adjudicated by the Nevada court at her behest. No claim is made that the Nevada court lacked jurisdiction or that it was misled in any way. In these circumstances, the plaintiff is precluded from maintaining the present action * * * ."

Within the month, the Appellate Division of this department, in *Senor* v. *Senor* (272 App. Div. 306█), in an opinion by Peck, J. (now P. J.), held the decree of a Nevada court was unassailable by the party who had procured it.

The question presented for solution is whether or not this plaintiff, in the light of the decision alluded to, may successfully challenge the validity and superiority of the Nevada decree. Plaintiff cites *Estin* v. *Estin* (296 N. Y. 308) as authority for her position. There the wife had obtained a decree of separation in this State, which provided for the payment of a certain sum of alimony. Thereafter, the husband went to the State of Nevada, and, following constructive service upon his wife, obtained a decree of divorce without any provision for alimony. The husband had made regular payments of alimony pursuant to the New York judgment of separation until the entry of the decree in his favor in the State of Nevada.

The wife thereupon sought an order, at Special Term, directing the entry in the New York action of a supplementary judgment for the amount of arrears, the application having been made pursuant to section 1171-b of the Civil Practice Act. The husband invoked the full faith and credit clause, and demanded a declaration of the unqualified superiority of the Nevada decree over the prior New York judgment of separation, and, further, an order eliminating the support provisions of that prior judgment as of May 24, 1945, the date of the Nevada decree.

The Court of Appeals found (p. 312) that there was " no denying the jurisdictional validity of the Nevada divorce decree, because the domicile of one spouse within a State gives power to that State to dissolve a marriage wheresoever contracted " (citing *Williams* v. *North Carolina*, 325 U. S. 226), and concluded that the full faith and credit clause commanded it to accord recognition to so much of the Nevada decree as pronounced a dissolution of the marriage. This conclusion was reached by the Court of Appeals in spite of the fact that it recognized that, in the New York separation action, the husband

was adjudged to have been solely to blame when he abandoned his wife in 1942.

The court nevertheless, although recognizing the superiority of the Nevada decree insofar as the dissolution of the marriage was concerned, ruled that the provisions of the judgment of separation, relating to alimony, obtained in the New York court were not affected nor made subordinate to the subsequent Nevada decree. The court said (pp. 312–313): "A divorce decree (whether foreign or domestic) granted by a court *having jurisdiction of the persons of both parties* may very well be held to override any incongruous alimony provision of an earlier domestic judgment of separation. [Citing cases.] But the *res judicata* principle of the cases just cited — that as between two conflicting adjudications the last must control — has no application where, as in the present case, the court which granted the last judgment *was without jurisdiction of the person of the defendant * * *.*" (Italics supplied.)

The rationale of that decision is that alimony unconditionally and finally awarded to the wife under a domestic matrimonial decree is a vested property right of which she may not be deprived by the court of the foreign jurisdiction, where personal service was not effected upon her.

In the instant case, however, the factor found missing in the *Estin* case (296 N. Y. 308, *supra*) is present. Here, although the wife obtained a judgment of separation in New York, she subjected herself thereafter to the jurisdiction of the Nevada court. In fact, she did more: She counterclaimed and obtained an affirmative decree which stated that she recognized its superiority to the New York decree. The Nevada court thus had jurisdiction over both the plaintiff and the defendant, and its decree finally determined the issue with respect to alimony. That decree therefore vitiated the prior New York judgment of separation. To paraphrase the language of the Court of Appeals in the *Estin* case, as between two conflicting adjudications, the last must control, where jurisdiction was obtained over both of the parties.

The wife asserts, however, that in any event her submission to the jurisdiction of the Nevada court is not binding upon the infant issue of the marriage, and that he is entitled to the full protection of the New York decree. I am of the opinion that in this instance also plaintiff is on unsafe ground (*Schacht* v. *Schacht*, 295 N. Y. 439, *supra*). There, too, an infant was concerned and yet the Court of Appeals held that the judgment which the wife obtained in the Nevada court may not be assailed

in this jurisdiction. (See, also, *Ansorge* v. *Armour*, 267 N. Y. 492.)

There is an exception to this rule which is recognized by the courts. That arises where it can be shown that there has been a material change of circumstances subsequent to the entry of the foreign decree to the detriment of the child's welfare. The papers here do not present such a case. (*Matter of Kananack* [*Schluter*], 272 App. Div. 783; *People ex rel. Michael* v. *Michael*, 188 Misc. 901.)

The motion is in all respects denied.