Cohn, J.
(dissenting). Appearance of both spouses in a divorce proceeding in a State where plaintiff is domiciled, gives the divorce court complete jurisdiction of the marriage status and its incidents (Yarborough v. Yarborough, 290 U. S. 202, 212) and a divorce decree of a foreign State, when so rendered on the appearance of both parties, is entitled to full faith and credit in the courts of this State. The case of Estin v. Estin (334 U. S. 541, affg. 296 N. Y. 308) holds that where a wife does not appear in a foreign divorce proceeding the divorce decree obtained by the husband in the foreign State does not wipe out a prior separation judgment obtained here. However, it seems clear that where she does appear in the foreign State, the divorce is conclusive between them on all incidents of the marriage and vitiates a prior separation judgment obtained in New York. ’ The point in Estin v. Estin (supra) does not appear to have been that the question of alimony was not litigated in Nevada, but rather that it could not have been litigated there for the reason that the Nevada court lacked jurisdiction of the person of the husband.
Here both husband and wife have appeared in the Nevada court, the wife had full opportunity to contest, but the wife voluntarily elected not to apply for alimony although the Nevada court had power to grant it. Unlike the situation in the Estin case, the Nevada court here had jurisdiction both in rem and in personam. Therefore the alimony provisions of the prior New York separation decree were necessarily superseded by the Nevada adjudication dissolving the marriage.
In his opinion in Estin v. Estin, Mr. Justice Douglas calls attention to the fact (p. 547) that the State of Nevada follows the rule that dissolution of a marriage puts an end to a support order, citing Herrick v. Herrick (55 Nev. 59). In the Herrick case which involved the question as to whether a prior decree obtained by a wife in the State of California providing for her maintenance and support survived a decree of divorce granted by the State of Nevada, the court, at page 68, said: “ Appel *281 lant’s contention that the decree of divorce in this case impairs the obligation of contract evidenced by the California decree of separate maintenance, is devoid of merit. The dissolution of the marriage relationship extinguishes the subject matter which forms the basis of an action or proceeding for separate maintenance.” To the same effect are the following authorities: Bushnell v. Cooper (289 Ill. 260); Calhoun v. Calhoun (70 Cal. App. 2d 233); Bassett v. Bassett (51 F. Supp. 545, 546 [Nev.]). (See, also, 48 Col. L. Rev., 1083, 1087.)
By failing to seek alimony in the divorce action in Nevada, where plaintiff appeared and actively contested the suit, she is barred from claiming alimony in another proceeding in this State. If she had felt aggrieved by the decree of the Nevada court, her remedy lay in appeal to the Nevada courts and not in the courts of this State. To secure an allowance for maintenance and support, her relief, if any, rests with the Nevada courts (Schacht v. Schacht, 295 N. Y. 439, 442; Hoyt v. Hoyt, 265 App. Div. 223, 224, motion for leave to appeal denied, 290 N. Y. 931).
Had the Nevada court denied an application by the wife for alimony, would the New York separation decree stand? The conclusion is inevitable that it would not. A judgment in an action is conclusive “ not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first ” (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306, Cabdozo, Ch. J.). Certainly, money directed to be paid for the support of a wife by a New York judgment of separation would have such a measure of identity with a direction for the payment of alimony in a divorce decree rendered by a court of a sister State that in the language of the Schuylkill Fuel Corp. case, “ a different judgment in the second would destroy or impair rights or interests established by the first ”.
After the Nevada decree had dissolved the marriage, the wife could not move in the prior New York separation action, as she has done here, for an increase in the support therein provided. Whatever continuing effect the prior New York separation decree might have had under Estin v. Estin, it was of no effect after the Nevada decree of absolute divorce had been entered on the appearance of both parties. Obviously it could not be modified after the marriage had been dissolved *282 so as to create a new obligation to pay increased support, which could be allowed only on the theory that the marriage is still in existence (Kramrath v. Kramrath, 231 App. Div. 533; Richards v. Richards, 87 Misc. 134, affd. 167 App. Div. 922; Holmes v. Holmes, 155 F. 2d 737; cited with approval by Lotjghran, Oh. J., in Estin v. Estin, 296 N. Y. 308, 312. See, also, Helman v. Helman, 191 Misc. 201).
In effect, this attempt on the part of the wife to revive the allowance of alimony here is a collateral attack on the divorce decree of the court of Nevada. In Sherrer v. Sherrer (334 U. S. 343) the Supreme Court held that the requirements of full faith and credit bar a defendant from collaterally attacking a divorce decree on jurisdictional grounds in the courts of a sister State in which the plaintiff therein was domiciled where there has been participation by the defendant in the divorce proceedings. The court there observed that if the application of the full faith and credit clause to cases of this nature requires that local policy be subordinated, that is a part of the price of our Federal system. At page 356 Chief Justice Vinson used the following apposite language: “ That vital interests are involved in divorce litigation indicates to us that it is a matter of greater rather than lesser importance that there should be a place to end such litigation. And where a decree of divorce is rendered by a competent court under the circumstances of this case, the obligation of full faith and credit requires that such litigation should end in the courts of the State in which the judgment was rendered (Emphasis ours.) (See, also, Coe v. Coe, 334 U. S. 378; Davis v. Davis, 305 U. S. 32.)
The order should be affirmed.
Peck, P. J., and Does, J., concur with Shientag, JJ.; Cohn, J., dissents in opinion in which Van Voobhis, J., concurs.
Order reversed, with $20 costs and disbursements to the appellant and the matter remitted to an official referee to hear and report to Special Term with his recommendations. Settle order on notice. [See post, p. 933.]