Shientag, J.
(dissenting). I dissent from that part of the determination of the learned majority as affirms the denial in toto of the application of plaintiff wife for an order directing defendant husband to furnish security for the payment of alimony, for the support of herself and of the daughter of the marriage, awarded under a judgment of separation in favor of the wife in the Supreme Court, New York County. The defendant appeared in the action but contested only the amount of alimony to be awarded.
I have no quarrel with the proposition that ordinarily, so long as alimony is being paid, security will not be required simply because the husband has become a nonresident of the State. However, the circumstances presented in this case are such that in the proper exercise of discretion, the court below should, under sections 1170 and 1171 of the Civil Practice Act, have granted that portion of the plaintiff’s application which sought an order requiring defendant to post security for the payment of future alimony.
The parties to this litigation were married in Columbus, Ohio, in 1921. There is one child of the marriage, a daughter now about sixteen years of age. After twenty-eight years of married life, the husband without lawful justification abandoned his wife. She sued for and received, in this State, a decree of separation which was entered on June 23, 1949. She was awarded custody of the child of the marriage and, after a reference and on the stipulation of defendant, she was awarded total alimony of $24,900 a year for the support of herself and daughter, of which sum $22,500 per annum was for the support of the plaintiff and $2,400 per annum for the support of the child. After he was served with the judgment of separation dated June 23, 1949, defendant left the State of New York. He went to Nevada and instituted there an action for divorce against his wife on the ground of cruel and inhuman treatment. He says that he has not been a resident of New York State since July 25, 1949 and does not intend to resume his residence in the State of New York. In his Nevada complaint, sworn to on September 15, 1949, he alleged that for more than six weeks next preceding commencement of the divorce action there he has been and now is a bona fide resident of and domiciled in the State of Nevada; that there is one minor child an issue of the marriage, a daughter of the age of fifteen years; that he is supporting and will continue to support the said minor child. The Nevada complaint further alleged that for several years prior to a commencement of the divorce action in that State “defendant has treated plaintiff with extreme cruelty, and has subjected him to a course of extremely cruel conduct, which., commenced several years prior to the commencement of this action and continued until the final separation of the parties, all without cause on the part of the plaintiff.” All this, notwithstanding the fact that a court of competent jurisdiction of this State had found that he wrongfully and without justification *1034 abandoned his wife. In his prayer for relief in the Nevada court he asked that the “bonds of matrimony now and heretofore existing between plaintiff and defendant be forever and completely dissolved, and that each party hereto be freed and released from all of the responsibilities and obligations thereof, and restored to the status of an unmarried person.”
Although there had been some discussion between the parties on the subject, no reference whatever was made in the Nevada decree, which was entered on December 1, 1949, to any support of the wife, nor was any provision incorporated in that decree for the support of the wife although such a provision is permissible in the State of Nevada notwithstanding the entry of a decree of absolute divorce in favor of a husband. The wife did not appear in the Nevada action nor was she served with process in that State.
It is true that under Estin v. Estin (296 N. Y. 308, 334 U. S. 541) the Nevada ex parte divorce did not absolve the defendant, in this State at any rate, from compliance with the judgment awarding alimony in the separation action. Apparently under the compulsion of that decision the husband has recognized his liability for the alimony awarded and has up to now paid the amounts due.
The assets of defendant located in this State are for the most part liquid in character and a substantial issue has been raised as to whether or not he is readily available for service of process in this State. He maintains that he still is a resident of the State of Nevada although he says: “ I have substantial business interests in the City of New York, where the principal offices of the companies with which I am connected are located.” He is engaged in “the investment companies business.”
Practically all, therefore, that plaintiff has in the way of security for the future payment of alimony for the support of the wife herself and her child are facile protestations on the part of defendant that he will continue to live up to the obligations imposed upon him by law. In the business world, in all probability, his conduct, as he maintains, has been exemplary. In his matrimonial relations, however, his entire course of conduct is not calculated to inspire trust and confidence. Under all the circumstances, therefore, and in the interests of justice he should be required to post security for the continued performance of his obligation to pay the alimony awarded in this State. To say that he should not be so compelled until he has actually defaulted in the payment of alimony would be like locking the stable door after the horse has been stolen. Being a sole dissenter, it would serve no useful purpose to attempt to fix the amount or kind of security that should be furnished or even to suggest a reference to an official referee with respect thereto. I content myself with a dissent on the main issue.
Peek, P. J., Glennoh, Callahan and Yan Yoorhis, JJ., concur in decision; Shientag, J., dissents in part, in opinion.
Order affirmed. No opinion. [See 278 App. Div. 555.]