MARY L. BAJKYNICZ, Respondent, v. JOHN BAJKYNICZ, Appellant.

Fourth Department, May 7, 1958.

*Joseph A. Marion* for appellant.

*William J. Driscoll* for respondent.

*Per Curiam.* The plaintiff and defendant subsequent to their marriage took title as tenants by the entirety to a two-family house and lot in the village of Kenmore, Erie County, New York. The plaintiff wife has since obtained a divorce in the State of Idaho. She thereafter brought this action for partition of the real estate upon the theory that a termination of the marriage by a valid divorce severs the tenancy by the entirety so that the parties become tenants in common (*Stelz v. Shreck,* 128 N. Y. 263) and a partition action will then lie. (*Yax v. Yax,* 240 N. Y. 590.)

The defendant by his answer put in issue the jurisdiction of the Idaho court in the divorce action. The parties presumably by stipulation, or at least by consent, have had a separate trial of the issue as to the validity of the Idaho divorce and the court has entered a judgment which declares that the decree of divorce in the State of Idaho is a valid decree terminating the marriage and that the plaintiff may maintain her action in partition. Defendant appeals from that judgment.

The process of the Idaho court was served upon the defendant by constructive service. He has at all times remained a domiciliary of the State of New York and did not appear either personally or by counsel in the Idaho divorce action. The jurisdiction of the Idaho court thus depends upon whether or not the plaintiff was a bona fide domiciliary of the State of Idaho. (*Williams* v. *North Carolina,* 325 U. S. 226; *Berger* v. *Berger,* 2 A D 2d 423.) A question of fact is thus presented upon which the defendant has the burden of proof. (*Williams* v. *North Carolina, supra.*)

Plaintiff and defendant were married in 1937 in Pennsylvania; they moved to New York in 1941; they took title as tenants by the entirety to the real property in question in 1946 and resided therein until about the 19th or 20th of October, 1949 when the plaintiff, without prior announcement of her intention to do so, left for Idaho accompanied by one Zebock, whose association with the plaintiff had been the subject of family discord. Plaintiff and Zebock arrived at Pocatello, Idaho, about three days later and took up residence in a two-room motel cabin where they remained until about January 31, 1950 when they started the return trip to New York, arriving about February 3. In the meantime, a few days after they had arrived at Pocatello, plaintiff consulted a lawyer about a divorce. The decree of divorce was granted on January 25, 1950.

About six days later she and Zebock left Idaho and returned to New York where she has since resided. She has never been back to Idaho.

Plaintiff at the time she arrived in Idaho had no acquaintance within that State. During her stay there she obtained part-time employment from the operator of the motel where she and Zebock resided. We therefore conclude that the plaintiff did not establish a bona fide domicile in the State of Idaho. The divorce decree granted by the courts of Idaho was, therefore, void for want of jurisdiction. We do not reach the question of whether a valid ex parte divorce would have any effect on the property rights of the defendant in New York State (cf. *Estin* v. *Estin,* 296 N. Y. 308, affd. 334 U. S. 541; *Vanderbilt* v. *Vanderbilt,* 1 N Y 2d 342, affd. 354 U. S. 416).

The judgment appealed from should be reversed and the complaint dismissed.

All concur; WILLIAMS, J., not participating.

Present — McCURN, P. J., WILLIAMS, BASTOW, GOLDMAN and HALPERN, JJ.

Judgment (designated order in notice of appeal) reversed on the law and facts, without costs of this appeal to either party, and complaint dismissed, without costs.