Carroll M. Roberts, J.
This is an action by the plaintiff to recover the sum of $420 claimed to be due and owing under the terms of a separation agreement. Jurisdiction of the defendant was obtained by personal service within the State of New York and defendant has interposed an answer in which he pleads as an affirmative defense that the separation agreement was terminated and rendered void by a decree of divorce granted to the defendant April 4,1957.
It appears that the defendant’s divorce was obtained in the State of Florida and that the defendant wife in that action was not served personally nor did she appear therein.
The plaintiff in this motion for summary judgment attacks the Florida divorce decree upon jurisdictional grounds, claiming that her husband was not a bona fide resident of the State of Florida. The defendant husband claims he was a resident of the State of Florida and that the decree he there obtained is in all respects valid and entitled to full faith and credit. If the determination of this motion rested solely upon the validity of the Florida decree the court would hold that the conflicting *379 affidavits submitted raised a triable issue of fact which could not be determined on this motion for a summary judgment. However, the conclusion has been reached that a determination of the validity of the Florida decree is neither necessary nor material and that the plaintiff is entitled to summary judgment regardless of the validity of that decree.
The separation agreement was entered into May 7, 1956, and by the terms thereof the husband agreed to pay to his wife for her support and maintenance the sum of $60 per month less any social security benefits she might receive. The agreement contained no provision for its termination in the event of divorce or otherwise. It is well recognized that a husband and wife may by contract agree upon the amount which the husband shall pay for the support of his wife, and so long as such a contract is unimpeached, it may be enforced like any other contract. (Goldman v. Goldman, 282 N. Y. 296; Holahan v. Holahan, 298 N. Y. 798.)
Even assuming that the husband was, as he claims, a resident of the State of Florida and that the divorce decree which he there obtained, is entitled to full faith and credit, the question is here presented as to whether such an ex parte divorce in the State of Florida terminated his contract obligation entered into in the State of New York.
In Estin v. Estin (334 U. S. 541, affg. 296 N. Y. 308), the court held that an ex parte divorce decree obtained by the husband in the State of Nevada based upon his bona fide residence in that State, did not relieve him of the obligation to support his wife as fixed by a prior separation decree obtained by the wife in the State of New York. The question arose upon an application of the wife for the entry of a judgment for the amount of arrears due under the separation decree. The Supreme Court there held that the separation decree created a property interest in the wife which was an intangible and that jurisdiction over such an intangible could only arise from control or power over the persons whose relationships were the source of such rights and obligations. The court there said (pp. 548-549): “ But we are aware of no power which the State of domicile of the debtor has to determine the personal rights of the creditor in the intangible unless the creditor has been personally served or appears in the proceeding. * * * The result in this situation is to make the divorce divisible — to give effect to the Nevada decree insofar as it affects marital status and to make it ineffective on the issue of alimony.”
In Vanderbilt v. Vanderbilt (354 U. S. 416, affg. 1 N Y 2d 342), it appeared that the husband had obtained an ex parte divorce *380 in the State of Nevada. Subsequent to such divorce the wife instituted a separation action in the State of New York. The wife was denied a separation on the ground of the bar of the Nevada decree but was awarded maintenance pursuant to the provisions of section 1170-b of the Civil Practice Act. The Supreme Court there sustained the wife’s right to recovery, saying in its opinion (pp. 418-419): “ Since the wife was not subject to its jurisdiction, the Nevada divorce court had no power to extinguish any right which she had under the law of New York to financial support from her husband. It has long been the constitutional rule that a court cannot adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. Here, the Nevada divorce court was as powerless to cut off the wife’s support right as it would have been to order the husband to pay alimony if the wife had brought the divorce action and he had not been subject to the divorce court’s jurisdiction. Therefore, the Nevada decree, to the extent it purported to affect the wife’s right to support, was void and the Full Faith and Credit Clause did not obligate New York to give it recognition.”
Thus, in jWstin, the property right of the wife arose by reason of a separation decree prior to the ex parte Nevada divorce, while in Vcmderbilt her right arose by reason of a separation decree subsequent to the ex parte Nevada divorce. The only ground of distinction between these cases and the situation presented on the present motion is that here the property right of the wife arises not through any separation decree, but by means of a contract.
The fact that the parties here chose to fix the support obligations of the husband by contract rather than by the terms of a separation decree is wholly immaterial. Without personal jurisdiction of the wife, the Florida decree does not destroy or alter the obligation of the husband to support his wife as fixed by that contract.
Motion is granted and summary judgment is awarded the plaintiff in the sum of $420, together with costs and disbursements.