■ BARBARA S. ROOSEVELT, Appellant, v. PHILIP J. ROOSEVELT, Respondent.

APPEAL from an order of the Supreme Court at Special Term, entered October 20, 1961 in New York County, which denied a motion by plaintiff for an order for the entry of judgment for arrears in payments for support and maintenance of the infant children of the parties and for an award of counsel fee.

MEMORANDUM BY THE COURT. Order, entered on October 20, 1961, denying leave to enter judgment for arrears in payment of moneys for support of infants reversed, on the law and the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs and an allowance of counsel fees to appellant in the sum of $250. A judgment of Special Term granting separation awarded alimony to plaintiff in the sum of $1,700 per month and provided for support of the two infant children of the parties in the sum of $500 per month. Payments were to be made on the 28th day of each month. The payment of $2,200 due June 28, 1961, was paid on June 23, 1961. On June 27, 1961, this court reversed said judgment, deleted the provisions for alimony and directed defendant to pay $1,000

monthly for the support of the children, except during the month of July when, the children being with defendant, support was limited to the rental of the apartment occupied by them, said rental being $340.36. Defendant has refused to make payment for the months of July and August, except for the balance of $140.36, upon the claim that the payment made in June left him with a balance of $1,200 which should be applied. Defendant's position is not tenable. The payment was not made to the wife as custodian of the children except to the extent of $500. If she failed to apply the balance of $1,700 to the support of the children, her failure would be attended with no consequences. However, she concedes that she did apply $1,000 for the purposes of support. We are not required to pass on the question of whether the balance of $1,200 is recoverable by the defendant and, consequently, nothing herein decided can operate to the prejudice of such an action. But if she fails to apply it to that purpose, the children are left without support, contrary to the direction of this court. Responsibility for that support is his obligation solely, and it has not been met. While the wife might be under a moral obligation to devote the funds she had received to the purpose thereafter directed by the court, the legal obligation of the husband is not discharged by the possibility that she will recognize that obligation. Counsel fees on an application to enter judgment for arrears of alimony or support are allowable (Civ. Prac. Act, § 1172-d; *Estin* v. *Estin,* 63 N. Y. S. 2d 476, affd. 271 App. Div. 829, affd. 296 N. Y. 308, affd. 334 U. S. 541). While this court will not entertain an original application for counsel fees for this purpose even in connection with an appeal (*Rosenfield* v. *Rosenfield,* 282 App. Div. 761) when the application was denied at Special Term the same may be awarded.

RABIN, J. (dissenting). I dissent and vote to affirm the order denying the motion of the plaintiff to enter judgment. Depending upon circumstances the court, in its discretion, may either grant or deny a motion of this nature (Civ. Prac. Act, § 1171-b). In order to reverse an order entered in a situation where discretion may be exercised it must be found that the holding of the court constituted an abuse of discretion. It cannot be said that the court abused its discretion here. To the contrary, I conclude that to grant the relief sought would constitute an abuse of discretion. To allow the plaintiff to enter judgment would be permitting her to unjustly enrich herself at the expense of the defendant. This is not a case that falls within the general rule that alimony payments made prior to a reversal of a judgment are not recoverable. Here the payment was not due at the time it was made. It must, therefore, be considered that as of June 27 it was merely an overpayment and not an alimony payment until it became due. In addition, when this court reversed and decreed that the new payments ordered were to commence on June 28 it in effect expressly held that the alimony payment due on June 28 under the previous order was not to be paid. Consequently it could not have intended the result here reached by the majority. Nor could this payment — having been made in advance of the due date — have been spent for current necessities. The moneys directed to be paid for the infants' support cannot be said to be needed now to support the infants as of then. Payments for the infants' present support, I assume, are being made regularly. The infants cannot suffer by a refusal to enter judgment. I cannot vote to grant this motion which would permit the plaintiff to be paid twice. In consequence I would likewise deny the application for counsel fees.

Breitel, J. P., Valente, Eager and Steuer, JJ., concur in Memorandum; Rabin, J., dissents in opinion.

Order, entered on October 20, 1961, denying leave to enter judgment for arrears in payment of moneys for support of infants reversed, on the law and

the facts and in the exercise of discretion, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs and an allowance of counsel fees to appellant in the sum of $250. Settle order on notice.