Matthew J. Jasen, J.
This is a motion by plaintiff under rule 109 of the Buies of Civil Practice for an order to strike out the defense contained in paragraph “2” in said answer on the ground that it appears on the face of said defense that the same is insufficient in law, and further to dismiss the counterclaim on the ground the same does not state facts sufficient to constitute a cause of action.
The complaint alleges that plaintiff and defendant husband had entered into a separation agreement in writing on September 4, 1953, containing provisions for monetary payments, that payments were made continuously until June, 1961, and that a certain sum is presently due and owing her.
*1000 Paragraph “2” of the answer alleges that a judgment of divorce of the State of Nevada dissolved the marriage and that the parties are no longer husband and wife.
Does a dissolution of a marriage obtained in a foreign court between the parties, in and of itself, nullify and make void the terms of a prior separation agreement pertaining to the support payments contained therein?
It is true that in Williams v. North Carolina (317 U. S. 287 and 325 U. S. 226) the court held a foreign decree must be recognized by the courts of this State as a valid judgment dissolving the marriage of the parties. However, in Armstrong v. Armstrong (350 U. S. 568) the court held that a judgment in Ohio for support was valid even though the husband had prior thereto obtained a Florida divorce. In Estin v. Estin (296 N. Y. 308, affd. 334 U. S. 541) the court held that support provisions may be enforced by a wife although her husband subsequently obtained an ex parte foreign divorce. (See Lynn v. Lynn, 302 N. Y. 193.)
In Vanderbilt v. Vanderbilt (1 N Y 2d 342, 351) the court said: “ So, that part of a foreign [nonpersonal service but otherwise jurisdictionally valid] divorce decree which dealt with status had to be given effect in New York as terminating the marriage but was entitled to no effect at all so far as support or other property rights were concerned.”
Section 1170-b of the Civil Practice Act was enacted in 1953 to provide maintenance of a wife where divorce or annulment was granted husband on nonpersonal jurisdiction. The notes of the Law Revision Commission pertaining to section 1170-b of the Civil Practice Act say: “Its purpose is to authorize Supreme Court to provide for maintenance of wife where husband has previously obtained a divorce, annulment or a declaration of nullity of void marriage from court which did not have jurisdiction over her person.”
In Vanderbilt v. Vanderbilt (supra, p. 352) the court said: “ But under the ‘ divisible divorce ’ doctrine, defendant’s Nevada divorce had no effect (any more than it said anything in terms) as to plaintiff’s property rights. Its sole effect was to end a marriage and it has been given that effect in New York. ” “ The point is that the divorce obtained by defendant was valid as to status only, but not as to property.” (Id. p. 351, emphasis added.) (To the same effect Huber v. Huber, 209 N. Y. S. 2d 637, and Russo v. Russo, 62 N. Y. S. 2d 514.)
It is clear to this court that a woman who entered into a separation agreement providing for her support cannot be deprived of this right by virtue of a foreign divorce obtained by her hus *1001 band. Public policy, statutory enactments and courts’ decisions are unanimous in prohibiting the travesty which would take place were any other conclusion adopted. Accordingly, the defense of a foreign decree is stricken.
In reference to the counterclaim interposed by the defendant which he alleged in paragraphs “ 3 ”, “ 4 ” and “ 5 ” of the answer, it is contended that the separation agreement is null and void and of no effect on,the ground that defendant was not aware of its full import at the time of its execution and that it was executed by him inadvisedly and imprudently.
It is axiomatic that a valid counterclaim must amount to an independent cause of action and, therefore, must be framed like a complaint and must contain all the necessary allegations to constitute a cause of action. Paragraphs “ 3 ”, “ á ” and “ 5 ” of the answer do not allege a cause of action and, therefore, should be dismissed.