SHEILA MAGUIRE, Respondent, *v.* THOMAS A. MAGUIRE, Appellant.

Third Department, June 6, 1974.

*Lyons & Duncan* (*E. David Duncan* of counsel), for appellant.

*John J. Cavanaugh, Jr.*, for respondent.

MAIN, J. This is an appeal from an order of the Supreme Court at Special Term entered August 9, 1973 in Albany County, which granted plaintiff's motion for summary judgment and from the judgment entered thereon.

The opposing parties on this appeal were previously domiciled in the State of Rhode Island and living there as man and wife when, in November of 1970, defendant commenced an action for divorce in that State. Plaintiff then moved in Rhode Island Family Court for temporary support and this motion was granted, defendant being ordered to pay his wife $15 per week, commencing December 18, 1970. Thereafter, on April 6, 1971, defendant was adjudged in contempt for being in arrears in his support payments in the amount of $225. He was also ordered to pay his wife's attorney the sum of $125 and was enjoined from proceeding with any divorce petition in any other jurisdiction. In the meantime, however, he had left Rhode Island on March 1, 1971 and had taken up residence in Nevada where he obtained an ex parte divorce decree on April 23, 1971. Later, on July 21, 1971, he was again adjudged in contempt by the Rhode Island Family Court, this time for being in arrears in his support payments in the sum of $420, for failing to pay the counsel fee of $125, and for proceeding with a divorce petition in another jurisdiction. He was further ordered to pay an additional counsel fee of $200 and, thus, the sum of $745 was reduced to judgment in favor of plaintiff.

By summons and notice of motion dated March 13, 1973, plaintiff moved for summary judgment at Special Term, to make the Rhode Island Family Court judgment a New York State judgment. As noted above, the motion was granted and this appeal followed.

Defendant's first contention here is that, once the Nevada court granted a final judgment of divorce, the temporary order of support issued by the Rhode Island Family Court became

inoperative and, therefore, the subsequent Rhode Island judgment is not entitled to full faith and credit in New York. We disagree.

Under the doctrine of " divisible divorce ", the sole effect of the ex parte Nevada decree was to end the marriage, and it has been given that effect by Special Term (*Vanderbilt* v. *Vanderbilt,* 1 N Y 2d 342, affd. 354 U. S. 416). Nevada was powerless to affect defendant's responsibility to support plaintiff, however (*Matter of Slemons* v. *Slemons,* 28 A D 2d 634), and the decree made no mention of this obligation. Furthermore, it is well settled that a wife may apply for and be granted support even after her husband has obtained an ex parte foreign divorce (*Armstrong* v. *Armstrong,* 350 U. S. 568). Plaintiff's position is even stronger here, as her support order was extant at the time of the Nevada decree. Accordingly, it follows that her rights pursuant to the support order may not be infringed by the Nevada court and that the Rhode Island judgment may be given effect in New York. (See, also, *Estin* v. *Estin,* 334 U. S. 541, affg. 296 N. Y. 308.)

Defendant's second contention is that Special Term erred in holding the Rhode Island judgment valid because there is no showing of personal service of motion papers or orders upon him and no showing that he knew of their existence. This argument is also without merit.

By filing a petition for divorce in Rhode Island, defendant voluntarily submitted himself to the jurisdiction of the Rhode Island Family Court. He also designated Mr. Max Levin as his attorney of record in the cause, and thereafter Mr. Levin appeared for him throughout the proceedings and accepted service of papers on his behalf. Rules of Practice 18 and 21 of the Rhode Island Family Court plainly provide that motions and notices may be served upon the attorney of record for a party. Therefore, defendant could not escape the court's jurisdiction by merely making himself unavailable by leaving the State.

The judgment should be affirmed, with costs.

HERLIHY, P. J. (concurring). Plaintiff obtained a temporary support order in an action brought by the defendant for a divorce in the State of Rhode Island where the parties were domiciled. Thereafter defendant left the State of Rhode Island and commenced an action in Nevada in which action the plaintiff was not served with process and did not appear. Subsequently the defendant was adjudged in contempt for failure to

pay temporary support in accordance with the action commenced in Rhode Island.

Plaintiff, on the basis of the judgment obtained in Rhode Island, commenced the present proceeding in this State against the defendant seeking to make the Rhode Island judgment a judgment of this State by way of summary judgment.

It seems academic that the ex parte Nevada decree could not invalidate the Rhode Island judgment for temporary support so long as the action commenced therein has not been discontinued or otherwise terminated. The Rhode Island court retained complete jurisdiction and could reduce the temporary support default to a judgment in that State, the full faith and credit of which judgment should be recognized in the State of New York and, accordingly, the respondent is entitled to summary judgment herein.

COOKE, SWEENEY and KANE, JJ., concur with MAIN, J.; HERLIHY, P. J., concurs in a separate opinion.

Judgment affirmed, with costs.