Daniel G. Albert, J.
The primary issue to be decided on this application to dismiss the action is whether the doctrine of "divisible divorce”, applicable in cases where the out-of-State divorce decree was granted to the husband ex parte, extends to situations where the wife subsequently appears in the out-of-State jurisdiction to modify the support provisions of the decree.
*481 The essential facts are that the defendant husband obtained a final ex parte California judgment of divorce in June of 1973. That judgment awarded the plaintiff wife alimony and child support in the amount of $700 per month. The papers further demonstrate that in September of 1975, plaintiff wife moved in the Superior Court of California to modify upward the aforesaid support payments of the California judgment. That application is still pending. In August of 1975, plaintiff commenced a New York action for divorce by serving the summons on the defendant here in the State. Pursuant to various paragraphs of CPLR 3211 (subd [a]), defendant has moved to dismiss the action and plaintiff opposes the motion relying upon the doctrine of "divisible divorce.”
A leading text on matrimonial practice sets forth the following definition of the doctrine of "divisible divorce”: "In brief, if a divorce judgment determines incidental rights of marriage along with an adjudication of the marital status, the adjudication of the incidental rights need not be given full faith and credit in other states if the person whose rights were adjudicated was not subjected to the personam powers of the court which granted the judgment.” (11B Zett-Edmonds-Schwartz, NY Civ Prac, § 46.03, subd [3], p 46-18; see Estin v Estin, 296 NY 308, affd 334 US 541; Lynn v Lynn, 302 NY 193).
The controlling consideration, therefore, is whether the wife has submitted herself to the personam powers of the out-of-State jurisdiction. The Court of Appeals’ decision in Lynn v Lynn (supra), is particularly enlightening. There, the wife appeared in the foreign divorce action and the Court of Appeals, in distinguishing the case from the "divisible divorce” situation, stated that "[t]he additional factor present in this case (the wife’s appearance) operated to give the Nevada court jurisdiction of the wife’s person and, by that token, vested that tribunal with power to adjudicate the wife’s right of support as well as the parties’ marital status” (Lynn v Lynn, 302 NY 193, 206, supra).
By parity of reasoning, in the case at bar, the wife has similarly submitted herself to the personam powers of the California courts by affirmatively seeking matrimonial relief and has vested the California courts with power to adjudicate the economic aspects of the parties’ divorce. Under such circumstances, it is the court’s determination that the doctrine of "divisible divorce” has no applicability herein.
Accordingly, defendant’s motion to dismiss the action on the *482 ground that there is an existing valid decree of a sister State granting a dissolution of the marriage and that plaintiff has submitted herself to the personam powers of said jurisdiction is granted.